Maher agt. O'Conner.

## SUPREME COURT.

### MAHER agt. O'CONNER.

*Fees of referee appointed " to sell real property, pursuant to a judgment in an action" other than an action to foreclose a mortgage — Code of Civil Procedure, secs. 3297, 3307, 3308.*

A referee appointed "to sell real property, pursuant to a judgment in an action" other than an action to foreclose a mortgage, is entitled to the same fees as those allowed to the sheriff.

Under section 3307, subdivisions 7 and 11, of the Code of Civil Procedure, the sheriff is entitled to two and one-half per cent upon the sum recovered, not exceeding $250, and one per cent upon the residue.

The referee is also entitled, under section 3297 of the Code of Civil Procedure (upon distribution), to one-half of an executor's commissions. But he is only entitled to these commissions upon such of the proceeds as he actually distributes or applies.

*Special Term, April,* 1881.

BARRETT, *J.* — This is not an action to foreclose a mortgage, consequently the statutory limitation as to referees' fees in such cases does not apply. This case is governed by

section 3297, Code of Civil Procedure. The referee was appointed "to sell real property, pursuant to a judgment in an action" other than an action to foreclose a mortgage, and his fees under this section are the same as those allowed to the sheriff. Under section 3307, subdivisions 7 and 11, the sheriff is entitled to two and one-half per cent upon the sum recovered, not exceeding $250, and one per cent upon the residue. It is claimed that section 3308 excludes these provisions in the city of New York; but I think this is not so. That section retains certain special statutory provisions upon the subject, such as are embraced in chapter 569, Laws of 1869, section 2, and in chapter 192, Laws of 1874. But none of these special statutory provisions seem to affect the question. Upon looking at the provisions of chapter 569, Laws of 1869, section 2, we find that they only refer to sales in foreclosure; while chapter 192, Laws of 1874, fixes the fees, not of the sheriff, but of "any officer other than the sheriff." The latter act, therefore, is not a "special statutory provision relating to the fees of the sheriff of the city and county of New York," while so far as it relates to the fees of officers other than the sheriff — e. g., referees — it is modified by the general and comprehensive provision of section 3297. I am of opinion, then, that section 3307, subdivisions 7 and 11, applies to sales of real estate pursuant to judgments other than in foreclosure. It would seem, therefore, that the first two items of Mr. Pattison's bill are in accordance with the law. He is also entitled, under section 3297 (upon distribution), to one-half of an executor's commissions. But he is only so entitled to these commissions upon such of the proceeds as he actually did distribute or apply. What he paid over to the chamberlain was not, in my judgment, so distributed or applied within the meaning of the section.

The bill must be reduced accordingly, and, as so reduced, allowed.