.(52 Misc. Rep. 11)

DUFFY v. MULLER et al.

(Supreme Court, Special Term, New York County.   November, 1906.)

PARTITION—SALE IN PARTITION—FEES OF REFEREE.

Under Code Civ. Proc. § 3297, providing that fees of a referee selling realty under a judgment are the same as those of the sheriff, and section 3307, subd. 7, fees of a referee making a sale in partition are to be computed on the price the property brings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, § 331.]

Action by Annie M. Duffy against Alois C. Muller and others.   Application by referee appointed in partition to sell the premises, for the determination of the amount of his fees.   Granted.

William J. A. McKim, for referee.
Roswell S. Nichols, for defendants.

LEVENTRITT, J.   The referee is entitled to a sale fee on the amount bid and to commissions on the amount in his hands for distribution.   Section 3297 of the Code of Civil Procedure provides:

"The fees of a referee appointed to sell real property pursuant to a judgment in an action, are the same as those allowed to the sheriff, and he is allowed the same disbursements as the sheriff."

The provisions of subdivision 7 of section 3307 limit the fee basis in the case of a sheriff to the amount collected; in other words, the amount for which he is accountable.   The premises in this action were sold by the referee at $18,100, free and clear.   Upon that sum the respective shares of the parties were measured, and within the meaning of section 3307 that is the amount collected and for which the referee is accountable.   Upon that amount, therefore, should his sale fee be computed.   This construction of section 3307 is emphasized by the provisions of section 3297, which create a distinction between the sale fee and the commissions on distribution, limiting only the latter to the amount actually distributed.   The referee should be allowed $30 for applying the respective shares of the three parties to whom the bid was assigned.

Ordered accordingly.