### SERVIN v. PERRY et al.

(Supreme Court, Appellate Division, Second Department. April 30, 1915.)

PARTITION ☞114—COSTS—ADDITIONAL ALLOWANCE.

> Under Code Civ. Proc. § 3253, providing that, in partition, an additional allowance may be made to the extent of 5 per cent. of the value of the property partitioned, an allowance of 5 per cent. may be made to plaintiff, in which case no allowance may be made to defendant, and, where plaintiff is allowed less than 5 per cent., defendants may be allowed an amount which, added to plaintiff's allowance, shall not exceed 5 per cent. of the value of the property partitioned, and under section 3254, operative only when the value of the property involved calls for its application, the allowance to either party shall not exceed $2,000 nor the allowances to both exceed $4,000.

> [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 440–449; Dec. Dig. ☞114.]

Appeal from Special Term, Orange County.

Action by Abram F. Servin against John M. Servin and Jessie B. Servin and others. From part of a final judgment, defendants John M. Servin and Jessie B. Servin appeal. Final judgment, in so far as appealed from, reversed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

Philip A. Rorty, of Goshen, for appellants.
Rosslyn M. Cox, of Middletown, for plaintiff respondent.

STAPLETON, J. The aggregate allowances made to the parties in this action for partition exceed 5 per centum of the value of the property partitioned. The court was powerless to make the excessive allowances.

In Warren v. Warren, 203 N. Y. 250, 96 N. E. 417, the Court of Appeals expressly approved the rule governing the award of allowances in an action for partition announced in Doremus v. Crosby; 66 Hun, 125, 20 N. Y. Supp. 906, and followed in Van Meter v. Kelly, 137 App. Div. 455, 121 N. Y. Supp. 874. Speaking of that rule, the Court of Appeals said:

"Thus this rule has the support of authority, of long-continued usage, and, we believe, of reason based upon controlling practical considerations."

We venture to restate the rule: Section 3253 of the Code of Civil Procedure provides that, in a partition suit, an additional allowance may be made to the extent of 5 per centum of the value of the prop-

erty partitioned. If an allowance of 5 per centum of the value of the property partitioned be made to the plaintiff, no allowance may be made to any defendant. If the plaintiff be allowed less than 5 per centum of the value of the property partitioned, the defendants may be granted, upon the value of their respective interests, a per centum allowance which, added to the allowance made to the plaintiff, must not exceed 5 per centum of the value of the property partitioned. The object of the section cited is to give the court discretion, in an action for the partition of real property, to grant an additional allowance to parties, and discretion as to the proper distribution thereof among parties, if it elects to make a distribution. Upon the power there is, however, a primary limitation, universally applicable, namely, that the aggregate allowances to all parties must not exceed 5 per centum of the value of the property partitioned. There is a secondary limitation, imposed by section 3254 of the Code of Civil Procedure, operative only when the value of the property involved calls for its application, namely, that in no event shall the allowance to the plaintiff exceed $2,000, and in no event shall the allowance to defendants exceed $2,000, and in no event shall the total allowances on both sides exceed $4,000. Weed v. Paine, 31 Hun, 10.

Final judgment, in so far as appealed from, reversed, with costs to the appellants, and application for allowances remitted to the Special Term for disposition in accordance with this opinion. All concur.