NELLIE WOODWARD BUCHAN, Plaintiff, *v.* STEPHEN R.
BUCHAN, LLOYD P. BUCHAN and NELLIE W. BUCHAN,
as Executrix under the Last Will and Testament of
JOHN R. BUCHAN, Deceased, Defendants.

(Supreme Court, New York Special Term, July, 1919.)

Partition — when referee entitled to commissions on full purchase
price — fees — judgments — Code Civ. Pro. § 3297.

> Where in partition the property is sold free and clear the
> referee's fee for selling should be computed upon the full
> purchase price.
>
> In an action for the partition of real property subject to a
> mortgage for $12,000 and interest, the plaintiff, who was the
> owner of an undivided three-fifths of the property, before the
> entry of the interlocutory judgment paid off said incumbrance
> from her personal funds. The interlocutory judgment con-
> tained a finding that plaintiff had a specific lien upon and
> was entitled to be repaid from the proceeds of sale what she
> had paid to satisfy the mortgage. The referee sold the
> premises free and clear for $18,000 and when plaintiff took
> the title she was credited upon the purchase price with the
> amount she had paid to satisfy the mortgage, together with
> an item of interest, and the amount of her share of the pro-
> ceeds of the sale. *Held,* that the referee was entitled to com-
> missions upon the full purchase price.
>
> The amount paid over by the referee to the city chamberlain
> for the benefit of the life tenant and an infant remainderman
> was " distributed " within the meaning of section 3297 of the
> Code of Civil Procedure and the referee was entitled to com-
> missions thereon.

MOTION by plaintiff and certain defendants to fix
and determine the amount of the referee's fees and
commissions in an action in partition of real property.

Henry M. Stevenson and David Henschel, for
motion.

Philip J. Dunn, referee (Sumner B. Stiles, of
counsel), opposed.

GIEGERICH, J.   The motion is made by the plaintiff to have the amount of the fees and commissions of the referee fixed.   The action is in partition.   The premises embraced in the action were subject to a mortgage of $12,000 at the time of the death of the testator, from whom the parties to the action took their title.   The plaintiff's share was three-fifths.   Before the interlocutory judgment in partition was entered the plaintiff paid off the mortgage of $12,000, with interest, out of her personal funds.   The interlocutory judgment found that she had a specific lien upon and was entitled to be repaid from the proceeds derived from any sale of the property in question the sum of $12,967.23, with interest thereon from November 9, 1918.   When it came to the sale the property was sold by the referee to the plaintiff for $18,000, free and clear, and the plaintiff paid the customary ten per cent deposit, amounting to $1,800.   When she took title, however, she was credited upon the purchase price with the $12,967.23 above mentioned, together with $298.25 interest thereon and the amount of her three-fifths share of the proceeds of sale, amounting to $1,946.34, making a total credit of $15,211.82 and leaving a balance of $2,788.18, which was all the money that the referee received and handled.   The first question is whether the referee's fee for selling should be computed upon the full $18,000 for which the premises sold, as he claims, or only upon the amount of cash actually received by him, as the plaintiff claims.   Upon the first point I am of the opinion that the referee's fee for selling should be computed upon the full purchase price of $18,000.   The interlocutory judgment did not find that the plaintiff had a lien on the real estate, but only on the proceeds of sale, and the real estate was sold free and clear.   It was not an equity but the unencumbered title which the referee sold and

which the plaintiff received. In *Duffy* v. *Muller,* 52 Misc. Rep. 11, in a somewhat similar case, the court said: " The referee is entitled to a sale fee on the amount bid and to commissions on the amount in his hands for distribution." Passing now to the question of the commissions which the referee is entitled to for distributing, the specific question is whether the sum of $1,297.50, which was paid over by the referee to the city chamberlain for the benefit of the defendant Stephen R. Buchan, the life tenant, and Lloyd P. Buchan, an infant remainderman, was distributed within the meaning of section 3297 of the Code of Civil Procedure. On behalf of the plaintiff reliance is placed on *Race* v. *Gilbert,* 102 N. Y. 298, and the following language of the court used in that case: " The court may, in a given case, require the referee to make the sale and pay the proceeds into court. In some instances that is the proper order to make (§§ 1563, 1568, 1570), and in such case the court distributes or applies the fund for itself. In that event the referee earns no commissions." The further language of the court is applicable to this case, however, as I understand it, namely: " But where the court does not make its own distribution of the proceeds and imposes that duty on the referee, leaving him to bear the responsibility of a correct and proper distribution to the parties entitled, an added commission is given." In the present case the referee did not pay the proceeds of sale into court in the ordinary sense of that expression, but he distributed and paid over to the remainderman and the life tenant their shares by paying the same to the city chamberlain for their benefit, and is, I think, entitled to his commissions for distribution upon the sum in question. The conclusion I have reached in this case is not in conflict with *Maher* v. *O'Conner,* 1 Civ. Pro. 158; 61 How. Pr.

103. The decision in that case, as appears from the report in the Civil Procedure series, was made upon a motion to distribute surplus moneys which had resulted from the sale of certain real estate for the sum of $23,500 in an action brought by a legatee to obtain a decree of sale of the real estate in order that the legacy might be paid. Such a decree was obtained and a referee was appointed to sell the property, and out of the proceeds of sale he first paid the legacy, amounting to $10,000, and then paid over the surplus moneys into the hands of the chamberlain. It is evident that in that case the referee did not "bear the responsibility of a correct and proper distribution to the parties entitled." On the contrary, a lump sum was paid over to the chamberlain and a subsequent proceeding for the distribution of that lump sum was necessary. The motion is therefore disposed of as indicated, without costs.

Ordered accordingly.