Irving H. Saypol, J.
Decision has been rendered against the defendant and judgment awarded to the plaintiff permanently enjoining the defendant from further violations of the fair trade laws as to the plaintiff’s products (N. T. L. J., Feb. 24, 1956, p. 7, col. 8).
The plaintiff has established that the defendant made offers to sell plaintiff’s products in violation of the fair-trade laws (General Business Law, § 369-a et seq.) in disregard of the temporary injunction of Walter, J., dated February 10, 1955, due service of a copy of the latter order being acknowledged.
I find that on February 26, 1955 and April 23, 1955 consummated offers of such proscribed sales were made for which the defendant is accountable, and I reject the transaction of March 10, 1955 since that offer was not consummated. On the other hand, I accept the uncontradicted testimony of Edward Printz as corroborative evidence confirmatory of the defendant’s deliberate and undeviating willingness to violate the law, and most gravely to flout the mandate of the court.
The incidents of February 26, 1955 and April 23, 1955 are found to have been willfully and deliberately violative of the temporary restraining order of this court, calculated to impair, impede, defeat and prejudice the rights of the plaintiff and the court’s mandate, for which the defendant is, in each instance, adjudged guilty of a contempt of court (Judiciary Law, § 753, subd. A, pars. 1, 2, 3).
The plaintiff has shown no pecuniary loss arising from the offenses, but has pressed for its expenses of $750 incidental to that branch of these proceedings which aggregate counsel fees and out-of-pocket disbursements as reflected by affidavit (Judiciary Law, § 773; Bata v. Bata, 286 App. Div. 1076).
The defendant has waived the hearing to which he would be entitled on the question of expenses of the contempt proceeding. His position now, in contrast to his former flagrancy, is abject *550 resignation, a plea in poverty and misery. Even that I find hard to accept, for, as a witness before me, he told me firmly how successful is his present business.
The defendant is fined the sum of $250 for each of the violations and $250 additionally to indemnify the plaintiff for its expenses of this contempt proceeding.
Let a final order be submitted accordingly together with the warrant for the defendant’s commitment to the New York City Prison, directed to the commissioner of correction of the City of New York, in the event of the defendant’s failure to pay the fine. Execution of the warrant will be stayed until April 24, 1956.
The plaintiff has pressed, too, for imposition of costs as between solicitor and client for the vexatious and harassing tactics of the defendant in defending this litigation. Proof has been tendered by the plaintiff of the aggregate of such expenses, and that has been refused in the light of my conclusion that such costs are not allowed in the courts of this State.
The imposition of such additional costs is recognized in England (see definition, “ Costs ”, Black’s Law Dictionary) and in the courts of the United States (Sprague v. Ticonic Bank, 307 U. S. 161; Guardian Trust Co. v. Kansas City Southern Ry. Co., 28 F. 2d 233, revd. on other grounds 281 U. S. 1) in equity cases, including those involving appropriation of ideas and infringement of trade-marks and patents (in which category the plaintiff properly puts this case) as an inherited power in chancery, but subject to legislative modification (Sprague v. Ticonic Bank, supra, p. 165, citing Michaelson v. United States, 266 U. S. 42). It is essentially a matter of awarding lawyers’ fees as indemnity in addition to the usual costs which, in classical parlance, are referred to as costs between party and party.
The plaintiff’s position is that the power here is inherited, as it is in the Federal courts, that absent prohibitory legislation in New York, this is a case peculiarly for such an allowance, because of the defendant’s outrageous conduct. The plaintiff cites section 64 of the Civil Practice Act as the ground for his argument of inherited power, but it must be noted that the grant there is qualified by the closing phrase, ‘ ‘ with the exceptions, additions and limitations created and imposed by the constitution and laws of the state.” Such a statutory enactment is to be found, for one thing, in the provisions of section 1513 et seq. of the Civil Practice Act. That grant, however, for additional costs in difficult and extraordinary cases is rigidly restricted (Cavalliotis v. Charles F. Guyon, Inc., 111 N. Y. S. 2d 838).
*551 Although the plaintiff says it has found no authority for its position in the cases in New York, particularly in fair trade cases, depending on Federal decisions, I find, however, an extended discussion on the subject of costs, including the type under consideration, in Downing v. Marshall (37 N. Y. 380). There the English history of the subject of costs is traced to the 13th century. The close parallel in language now found in section 1513 of the Civil Practice Act with the quotations from the Field Code (Code of Pro., § 303 et seq.) in effect in this State at the time of the decision in 1867 is noteworthy. Beginning at page 387 of 37 N. Y., the opinion is precise in its discursive analysis and disposition of what is essentially the plaintiff’s argument here, suggesting the Chancery’s power to impose solicitor and client’s costs, except for that type of case in which the litigant acts out of his office in a representative capacity, as trustee, for example, depending upon a faithful discharge of his duty, or where the suit is representative in behalf of a class, or where its proceeds go into a fund for the benefit of an unparty litigant. It is said, absent specific authority, there is no power in Chancery to make such an award. Even in the case of the fiduciary, the right to an allowance, as it is denominated as distinguished from costs, is to be found in the statutes (e.g., Surrogate’s Ct. Act, § 279).
I conclude that, absent express authority, there is no power, and I find no authority. Accordingly I have no power, so that the application for solicitor and client costs is denied.
Let an order be submitted on the contempt, together with a warrant as indicated.