OPINION OF THE COURT
Bernard F. McCaffrey, J.
At the outset, the court notes that until such time as the Legislature acts to bring into the twentieth century the amount of compensation the court may award for services rendered by referees appointed to sell real property pursuant to a judgment in a mortgage foreclosure or partition action, the court has no alternative but to limit such awards to the unrealistic statutory amounts of $200 in foreclosure actions and $500 in partition actions.
*416 The case at bar involves the application of a statute, a portion of which has not been substantially changed in over 125 years and which establishes compensation of a referee in a partition action sale of real property and a request under provisions of the CPLR for so-called “Additional costs” to be applied toward counsel fees in the same action. Said allowances, although intended by the Legislature to compensate a party for litigation expenses and which are permitted as of right, do not appear to be geared to today’s costs.
Pursuant to the order of this court dated January 17, 1985 (Wager, J.), a hearing was held in this partition action to determine if there should be confirmation of the referee’s report of sale which includes an award of fees to the referee in the sum of $4,540. In addition, the aforesaid order requires the court to determine if the plaintiff is entitled to reimbursement for approximately $22,000 for expenditures made by plaintiff for maintenance of the subject property over a period of time and whether plaintiff’s attorney is entitled to an award in the sum of $11,000 as and for plaintiff’s attorney’s fees in this action. The defendant defaulted and did not appear in the partition action.
The parties were divorced pursuant to a judgment of divorce granted August 10, 1982 (Miller, J.), at which time no disposition was made of the marital abode which had been held by the parties as tenants by the entirety. In the instant partition action brought by the plaintiff, the rights, shares and interests of the parties in the property in question were ascertained by the referee appointed for that purpose and included in the interlocutory judgment entered June 13, 1984 (Levitt, J.) to the effect that the plaintiff is seized in fee simple absolute of an equal undivided one-half interest as tenant in common with defendant herein, who is likewise seized in fee simple absolute of an equal undivided one-half interest therein, as tenant in common, subject to the following charges and encumbrances: (1) First mortgage (Bayside Federal Savings and Loan Association) outstanding in amount of $32,328.06; (2) Second mortgage (Small Business Administration) outstanding in amount of $62,746.65; (3) $13,178.11 representing expenditures made by plaintiff for upkeep and maintenance of the property to November 16, 1983 payable to plaintiff with the amount paid by plaintiff for the upkeep and maintenance of the property from November 16, 1983 to sale of property to be paid to plaintiff after said sum has been determined upon sale.
Said interlocutory judgment also provided for the balance, if any, of the proceeds of the sale to be payable to plaintiff and *417 defendant by the referee subject to disposition to be made by the court in a final judgment herein which shall provide for the allocation of costs and disbursements.
As indicated above, the application of the plaintiff to confirm the referee’s report of sale, the referee’s fees and the upkeep and maintenance costs of the property from November 16, 1983 to the sale, and the plaintiff’s request for attorney’s fees could not be determined on papers, and thus a hearing was required which was held before the court on February 20, 1985.'
It should be noted that the interlocutory judgment already had determined that the plaintiff was entitled to reimbursement in the amount of $13,178.11 from the eventual proceeds of the sale for expenditures made by plaintiff for the upkeep and maintenance of the premises up to November 16, 1983. Thus, where the order of Mr. Justice Wager setting the matter down for hearing indicated that the plaintiff seeks reimbursement of sums exceeding $22,000 for said expenditures over a period of time, it was already determined by Mr. Justice Levitt that plaintiff was entitled to $13,178.11 up to November 16, 1983 with the amount subsequent to that date up to the sale of the premises still to be determined. At the hearing of February 20, 1985 the plaintiff testified that he had expended the additional sum of $9,206.83 for the upkeep and maintenance of the premises and the plaintiff was awarded that sum, making a total award to plaintiff for his expenditures in maintaining the subject premises during the period August 12, 1982 through November 26, 1984 in the sum of $22,384.94.
Turning now to the award of fees requested by the referee in the sum of $3,646.90, the court notes that the referee’s request for fees and commissions originally was in the amount of $4,540 and this request had the approval of the plaintiff and the plaintiff’s attorney as being appropriate with the further request that same be approved by the court. Following the hearing, this request was revised to $3,646.90 which included $179.40 for incurred costs.
The referee indicates that this matter was rather difficult and unusual, pointing out that there were some 33 bids accepted at the time of sale with a sale price of $202,000. An escrow agreement had to be entered into concerning the distribution and payoff of the lienors on the property, as well as a division of the proceeds between the parties herein subject to the court order. In addition, all the figures will have to be recomputed. Further, it is contended that the partition sale caused problems concerning occupancy being given to the purchaser after the *418 final sale. Costs were incurred of $179.40 and total time spent was calculated at 18 hours, 48 minutes, with another four hours estimated to complete his activities in this matter. The referee’s usual hourly billing rate is $200 per hour. Said data is contained in an affirmation of services submitted on February 26, 1985; the referee also testified at the hearing.
The referee refers the court to CPLR 8003 (b) to the effect it indicates that a referee appointed to take security upon the sale and distribute, apply and report upon the distribution of any of the proceeds of the sale is entitled to one half of the commission upon the amount distributed as are allowed to an executor or administrator for receiving and paying out money. Thus, the referee applies the schedule for commissions in SCPA 2307 (1) and establishes his fees on the basis of 4% of the first $25,000 ($1,000), 31/2% of the next $125,000 ($4,375) and 3% of the next $52,000 ($1,560), for a total of $6,935, one half of which is $3,467.50.
Notwithstanding the fact the above percentages do not reflect the proper schedule in effect under SCPA 2307 (1), the court does not accept the application of same to the extent it is sought to be applied by the referee. CPLR 8003 (b), upon which the referee relies, indicates in the last sentence of the said subdivision as follows: “A referee’s compensation, including commissions, upon a sale pursuant to a judgment in an action to foreclose a mortgage cannot exceed two hundred dollars, or pursuant to any other judgment, five hundred dollars, unless the property sold for ten thousand dollars or more, in which event the referee may receive such additional compensation as to the court may seem proper.” (Emphasis supplied.)
Thus, a reading of CPLR 8003 (b) would seem to limit a referee’s compensation to $500 in a partition action. Although the syntax leaves something to be desired, the provision which states that “the referee may receive such additional compensation as to the court may seem proper” has always been applied only to sales pursuant to a judgment in a mortgage foreclosure action (see, 8 Weinstein-Korn-Miller, NY Civ Prac 1t 8003.10 [“Referee’s additional compensation”]). The derivation of CPLR 8003 can be traced to the Code of Civil Procedure going back to at least 1869 (L 1869, ch 569, § 4) at which time compensation of a referee in a partition sale was limited to $500. At that time, the provision was known as Code of Civil Procedure § 3297. Advancing to 1876, the portions of the code which are now embraced in the CPLR as section 8003 were known as sections 3296 and 3297. Said section 3296 was amended by Laws of 1896 (ch 90) and section 3297 was amended by Laws of 1895 (ch 241). *419 Laws of 1895 (eh 241) was an act to amend the Code of Civil Procedure relating to fees of referees upon sale of real property. Said section 3297 at that time was amended to read as follows: “The fees of a referee appointed to sell real property, pursuant to a judgment in an action, are the same as those allowed to the sheriff, and he is allowed the same disbursements as the sheriff. Where a referee is required to take security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale, he is also entitled to one-half of the commissions upon the amount so secured, distributed or applied, allowed by law to an executor or administrator for receiving and paying out money. But commissions shall not be allowed to him upon a sum bidden by a party, and applied upon that party’s demand, as fixed by the judgment without being paid to the referee, except to the amount of ten dollars. And a referee’s compensation, including commissions, cannot, where the sale is under a judgment in an action to foreclose a mortgage, exceed fifty dollars unless the property sold for ten thousand dollars or upwards, in which even the referee may receive such additional compensation as to the court may seem proper, or in any other cause five hundred dollars.”
In construing the limitation contained in section 3297, the Appellate Division said “the Special Term correctly decided that the limitation of $500 contained in section 3297 of the Code of Civil Procedure applies to actions of partition.” (Knickerbocker v Candee, 172 App Div 931.) Thus, although the fees of a referee in partition are to be computed upon the sum for which he sells the property, inasmuch as that is the amount collected and for which he is accountable (Duffy v Muller, 52 Misc 11; see also, Buchan v Buchan, 108 Misc 31), it would appear the amount is limited to $500 pursuant to CPLR 8003 (b).
A review of the legislative history relative to the compensation of referees in partition sales reflects that there have been no substantial changes in the statutes governing said sales in over 125 years. The stated limit of a referee’s compensation in a partition sale was fixed at $500 since at least 1869 (L 1869, ch 569, § 4) and has remained without change since that time. Only certain syntax, or sentence structure changed in all that time, none of which was material in nature.
The language of the statute as it appears in CPLR 8003 (b) relative to the placement of the phrase “in which event the referee may receive such additional compensation as to the court may seem proper” first appeared that way, that is in the order in which it appears in section 8003 (b), in 1928 when Civil Practice *420 Act § 1546 was amended by Laws of 1928 (ch 846). A review of the session laws, at that time, contains no memorandum of the Governor explaining the basis for the change. However, it is significant to note that when Civil Practice Act § 1546 was amended by chapter 846, section 1545 was also amended. The session laws for Laws of 1928 (ch 846) contains a footnote indicating that the change in section 1545 was a material amendment. There is no such footnote regarding the change to section 1546 which appears to justify the statement at paragraph 8003.10 of New York Civil Practice (Weinstein-KornMiller, vol 8) that the language in question applies only to sales pursuant to a judgment in a mortgage foreclosure action.
In any event, a fee under CPLR 8003 (b) predicated on a sale in excess of $10,000 which would allow a fee over the stated limit is an award which falls within the discretion of the court to award. Even if such award were applicable to partition actions, the court, in the case at bar, is not inclined to award such additional fee because it has not been shown that the referee performed unusual services or was put to unusual trouble (see, Chisholm v Hopson, 182 App Div 856) because all the discretionary awards, according to case law, under CPLR 8003 (b) seem to require that unusual services must be performed or unusual trouble be encountered to enable a court to exceed the stated limit. The referee, in his affidavit of services dated January 30, 1985 and in his affirmation of February 25, 1985, applies that criteria in his referral in both documents to the fact he was involved in a matter which he described as being neither simple nor ordinary but rather difficult and unusual.
In spite of the fact the referee has no doubt been dedicated in his acceptance of his assignment and in his performance of his duties, the court feels constrained to limit his compensation to that which it believes it must in its interpretation of CPLR 8003 (b). The court does not see a basis to award additional fees even if it believed it had the discretionary authority to do so, because the record in this case does not appear to warrant it. For example, the referee alludes to the fact the defendant, the ex-spouse of the plaintiff, was a tenant in possession who refused to vacate the premises despite prior court orders. He does not illustrate how this impeded him, or otherwise impaired his own efforts to sell, nor does he indicate what steps this required him to take to overcome the problems presented. At the same time, the referee does not satisfactorily explain the “unusual problems” he encountered, aside from the fact some 20 people appeared and participated in the sale and bidding process with *421 some 33 bids being made for the property. None of this rises to the proof called for in cases found to warrant special treatment under CPLR 8003.
Although the court is aware of Miraldi v Miraldi (51 AD2d 538 [2d Dept]), which reduced to $5,000 a referee’s fee which had been fixed at $7,500 in an interlocutory judgment in a partition action, the reported decision tells us nothing of the facts and circumstances. The record on appeal in that case reflects a case in litigation for 15 years, wherein the referee in question was appointed, not to sell, but rather to ascertain and report the rights, shares and interests of the several parties in the property and take proof and report as to title and interest in said property, and to ascertain a report whether said property is so circumstanced that a partition cannot be made. Thus, the matter concerned an order of reference under CPLR 8003 (a) rather than a sale pursuant to CPLR 8003 (b). The referee in question conducted hearings in the Miraldi case and rendered a report 22 pages in length. A different referee was appointed to sell. •
Generally speaking, unless there is some stipulation between the parties, or, unless a different rate has been fixed at some preliminary point in the proceedings, the statutory rate will apply. (See, Scher v Apt, 100 AD2d 582.)
There ought to be a better way to equitably compensate referees; however, the manner and the method must be fashioned by the Legislature. Under the circumstances, the court finds that the award to Richard L. Gumo, Esq., as and for his referee compensation is fixed at $500, plus the sum of $179.40, incurred for costs.
Turning now to the counsel fees sought by the plaintiff’s attorney in connection with the partition action herein, counsel seeks an award of $11,000 to be charged to defendant’s share of the proceeds pursuant to RPAPL 981 and CPLR 8302 and 8303. By motion before Mr. Justice Wager, counsel had requested an award in the amount of $9,900 for services to December 5,1984, and indicates since that date he has expended an additional 32 hours for additional billings to plaintiff of $4,800, increasing plaintiff’s total attorney’s fees in this matter to $14,700. A memorandum of law in support of the application for an award of attorney’s fees was submitted on February 25, 1985. Said memorandum reflects that plaintiff’s counsel relies on RPAPL 981 and CPLR 8302 and 8303 for the awarding of his fees herein.
RPAPL 981 (“Costs and expenses”) provides in subdivision (1) as follows: “1. The final judgment for the partition of the property must also award that each defendant pay to the plaintiff his *422 proportion of the plaintiff’s costs, including the additional allowance. The sum to be paid by each must be fixed by the court according to the respective rights of the parties, and specified in the judgment.”
In his complaint, the plaintiff sought, inter alla, costs and disbursements and in the interlocutory judgment the court decreed that the final judgment herein was to provide for the allocation of costs and disbursements.
Costs are an amount that the victorious party is generally entitled to recover in partial reimbursement of his expenses in recovering a judgment (see, CPLR 8101). The amount of costs awarded in an action are enumerated in CPLR 8201, while the taxable disbursements are set forth in CPLR 8301. The court finds that the plaintiff is entitled to an award of costs in this action to the extent hereinafter indicated.
The attorney for the plaintiff contends that in furtherance of a legislative intent to compensate plaintiffs in a partition action for their costs, including attorney’s fees, the New York Legislature enacted CPLR 8302 and 8303. The Practice Commentaries (McLaughlin, McKinney’s Cons Laws of NY, Book 7A, CPLR C8302:l, p 218; CPLR C8303:l, p 223) tell us this much:
“C8302:l. Additional Allowance. Real Property Actions.
“Because the amounts permitted as taxable costs and disbursements are so meager, this section makes a lame attempt to rectify the injustice by adding to the allowable amounts in certain real property actions. The limitation of this section to three real property actions is bizarre, and its origin is lost in the mists of history. At one time, perhaps, the three enumerated real property actions were difficult cases to try. But they pale into insignificance today in the face of products liability litigation, class actions, and much corporate litigation. But the section has been part of the practice act for generations.
“In any event, the extra allowance permitted in this section is a matter of right to a successful plaintiff and does not depend upon the discretion of the court. Compare CPLR 8303, infra.”
“C8303:l. Additional Allowance. Discretionary.
“Because costs and disbursements rarely compensate a party for his actual litigation expenses, provision is made for additional allowances in certain situations, the most common of which is a ‘difficult or extraordinary case.’ CPLR 8303 (a) (2) * * *
“It is worth noting that Civil Practice Act §§ 1513 and 1514, the precursors of this provision, required that the action be both *423 ‘difficult and extraordinary’ to merit special treatment. Under the former test, many cases were found to be difficult, but not out of the ordinary, and, accordingly, not entitled to special treatment. Cf. Arnold Schwinn & Co. v. Wein, 1956, 3 Misc. 2d 548, 150 N.Y.S. 2d 542.”
The Practice Commentary CPLR C8303:l, however, refers to CPLR 8303 (a) (2) which by its terms allows a discretionary award: “2. to any party to a difficult or extraordinary case, where a defense has been interposed, a sum not exceeding five per cent of the * * * value of the subject matter involved, and not exceeding the sum of three thousand dollars.”
CPLR 8303 (a) (3) on the other hand allows a discretionary award: “3. to any party to an action for the partition of real property, a sum not exceeding five per cent of the value of the subject matter involved and not exceeding the sum of three thousand dollars.”
Significantly, paragraph (3) of CPLR 8303 (a) may be awarded even if no defense has been interposed and nothing in the statute requires that the case be difficult or extraordinary. The only requirement is that the action be one for the partition of real property. Even prior to the adoption of the CPLR it was held that in order to be entitled to an additional allowance for services rendered in a partition proceeding, it is not necessary that the services rendered be either difficult or extraordinary. (Roberts v Henderson, 82 NYS2d 380.)
CPLR 8302 (“Additional allowance to plaintiff as of right in real property actions”) provides in pertinent part in subdivision (a) as follows:
“A plaintiff, if a judgment is entered in his favor and he recovers costs, is entitled to an additional allowance, in an action * * *
“(2) for the partition of real property”.
In this case, which is for the partition of real property, the plaintiff meets the criteria for an award or allowance pursuant to CPLR 8302 (a) as of right, inasmuch as he has a judgment in his favor in which he recovers costs and his entitlement is as of right. (See, Investors Collateral Corp. v Joyce, 14 AD2d 542.)
CPLR 8302 (b) (“Amount of allowance”) sets forth the amount that is to be awarded as of right in a partition action. The said section provides in pertinent part as follows:
“An additional allowance under this rule shall be computed upon the * * * value of the property which is partitioned * * * at the rate of:
*424 “1. ten per cent of a sum not exceeding two hundred dollars; plus
“2. five per cent of any additional sum not exceeding eight hundred dollars; plus
“3. two per cent of any additional sum not exceeding two thousand dollars; plus
“4. one per cent of any additional sum not exceeding five thousand dollars.”
The subject property had a value of $202,000, the amount received at sale. According to plaintiff, in applying the schedule contained in CPLR 8302 (b), above, he is then entitled to an allowance in the amount of $8,000. The plaintiff misreads the statute, inasmuch as the additional allowance as of right under the CPLR can be computed on no more than $8,000 and cannot exceed $150. (14 Carmody-Wait 2d, NY Prac § 91:268; see also, 8 Weinstein-Korn-Miller, NY Civ Prac If 8302.08.) The amount awarded under CPLR 8302 (b) is, of course, supplemented by the statutory costs provided for in CPLR article 82 and the taxable disbursements enumerated in CPLR 8301. It may be further augmented by a discretionary allowance under CPLR 8303.
In a partition action the court is empowered by the CPLR to award to any party to the action, whether or not costs have been awarded, a sum not exceeding 5% of the value of the subject matter involved and not exceeding the sum of $3,000. (CPLR 8303 [a] [3]; 14 Carmody-Wait 2d, NY Prac § 91:269.) The allowance or denial of this additional allowance within the limits set by the provision of the CPLR rests within the sole discretion of the court. (14 Carmody-Wait 2d, NY Prac § 91:269; see also, Cooper v Cooper, 51 App Div 595.)
In the case of a partition action the CPLR does not require that a defense shall have been interposed, as is required as a basis for the discretionary allowance in a difficult and extraordinary case. (CPLR 8303 [a] [3].) However, in a default case, no answer having been filed, as in the case at bar, the fact plaintiff introduces some proof to substantiate his right to judgment and determine the proper amount thereof does not entitle him to charge up a trial fee as part of the costs. If issue was duly joined, on the other hand, the situation is different and assessment of damages becomes a trial though defendant does not participate therein. (Weiss v Morrell, 7 Misc 541; Wandell v Hirschfeld, 40 Misc 527.) Under the circumstances, the plaintiff is entitled to costs herein under CPLR article 82, except for those specified in section 8201 (3).
*425 The costs of each party to the action and the expenses of the sale, including the officer’s fees, must be deducted from the proceeds of the sale and each party’s costs must be paid to his attorney. But, the court, in its discretion, may direct the costs of any trial, reference, or other proceeding in the action be paid out of the share of any part therefor. (14 Carmody-Wait 2d, NY Prac §§ 91:220, 91:263.)
Although the practice in a partition action is regulated in detail by statute, the practice as to costs in such action is governed and regulated by the general provision governing all actions, except where specifically prescribed otherwise by some statute. Under the CPLR the party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute, or unless the court determines that to so allow costs would not be equitable under all the circumstances. (14 Carmody-Wait 2d, NY Prac § 91:260; CPLR 8101.)
May the allowance utilized under either CPLR 8302 or 8303 be awarded to compensate a party in some measure for his attorney fees? The plaintiff contends that the New York Legislature enacted CPLR 8302 and 8303 in furtherance of a legislative intent to compensate plaintiffs in partition actions for their costs, including attorney’s fees and points to 73 ALR 16, 41 (“extra allowances which have been authorized [in New York] by statute to be paid in partition suits”) as his authority for this proposition. Said treatise, however, concedes that such allowances have not generally been specifically treated as allowances of counsel fees and it is then suggested, albeit without any cited authority, that “there is little doubt but that the general effect, if not in fact the purpose, of such enactment, has been to provide remuneration to the counsel”. The same section states that, “it has been widely held or recognized, in practically all of the cases * * * that counsel fees should be allowed as part of the costs as that an allowance should be made, in partition suits.”
The court, in its own research, reviewed Lincoln First Bank v Thayer (102 Misc 2d 451), which noted that, “[t]here is no provision for attorneys’ fees” in CPLR 8302 and 8303 (a) (1), (2). The court in Lincoln First Bank (supra, p 454) also said, “Additional allowances should not be authorized absent proof of activity to justify the exercise of discretion. Attorneys’ fees should not be authorized unless expressly permitted by the Legislature.” The Lincoln First Bank case deals with a mortgage foreclosure sale. It seems to find support in its view of additional allowances in the Fourth Department holding in Tucker v Toia (64 AD2d 826, 827) which found that, “Absent the existence of express *426 authority for their recovery, as here, attorneys’ fees should not be awarded under the guise of an additional allowance pursuant to CPLR 8303 (subd [a], par 2).” Finally, the court did find a complicated negligence matter in Abbott v Page Airways (23 NY2d 502), wherein the Court of Appeals determined that the grant of an additional allowance of $3,000 to the attorneys for the first plaintiff under CPLR 8303 (a) (2) is a matter of discretion which presents no reviewable question. Accordingly, it would appear to support the plaintiff’s contention about utilizing CPLR 8303 for the awarding of counsel fees in a proper case under the statute.
In a Second Department case in a partition action the court stated, “[t]he object of the section cited [Code Civ Pro § 3253] is to give the court discretion, in an action for the partition of real property, to grant an additional allowance to parties, and discretion as to the proper distribution thereof among parties if it elects to make a distribution.” (Servin v Perry, 168 App Div 243, 245.) In the reporting of that case in the official report, the headnotes reflect the costs awarded at Special Term were allowances to attorneys.
In the case at bar, although the defendant defaulted in appearing in the partition action, the affidavit of the plaintiff’s attorney reflects that the defendant, prior to commencement of the action, was obstructive in efforts to dispose of the subject premises following the divorce, and that she resided in the premises after the divorce without paying any money towards its upkeep and continually threatened over a period of 28 months to damage the house if the plaintiff did not make certain payments. The conduct of defendant forced plaintiff to bring this partition action on January 15,1983. Under the circumstances, she should not be able to sit on her hands and reap the benefit of plaintiff’s actions to bring about a proper disposition of the marital premises. She, therefore, ought to bear some of the expenses as set forth herein.
The court, therefore, determines the following:
(1) The referee, Richard L. Gumo, Esq., is entitled to the sum of $679.40 representing his compensation and his incurred costs.
(2) The plaintiff is entitled to the sum of $22,384.94, representing expenditures made by plaintiff for the upkeep and maintenance of the subject premises ($13,178.11 from August 12,1982 through November 15,1983; $9,206.83 from November 16, 1983 through November 23, 1984).
(3) The plaintiff shall recover of defendant, the sum of $3,150 which the court awards to him pursuant to CPLR 8302 and 8303, and in addition thereto the taxable disbursements set *427 forth under CPLR 8301, and the usual costs under CPLR 8201, except those specified in CPLR 8201 (3) which amount shall be charged against defendant’s share of proceeds of the sale, said sum to be paid to Steven L. Gellerman, Esq., attorney for plaintiff, with $3,150 to be applied toward plaintiff’s counsel fees herein.