*363 OPINION OF THE COURT
David O. Boehm, J.
By order dated August 9, 1990, this court confirmed the Referee’s report of sale, and awarded the Referee, Lawrence Kalik, compensation of $25,000, plus disbursements, for his services in this partition action.
The plaintiff, James A. Hufnagle, now moves for leave to reargue the order, claiming that the compensation fixed is in excess of the statutory authority for Referee’s compensation. Kalik cross-moves for an order amending, nunc pro tunc, the June 6, 1988, order of reference to provide that his compensation be based on the value of the services rendered by him.
The order of reference appointing Kalik directing him to sell the subject premises, a cooperative apartment, at a public sale to the highest bidder, file a report with the court, and then disburse the net proceeds in accordance with the judgment of this court of April 14, 1988. The order provided that the Referee "shall deduct from the proceeds of the sale * * * his fees as allowed by statute”.
Kalik’s affidavit of services demonstrates that the services he rendered went far beyond those typically associated with the routine public sale of realty. After the judgment, the defendant, Carol Bruns, filed an appeal of the judgment, and advised plaintiff that a stay of the sale would be sought. Nevertheless, plaintiff pressed Kalik almost daily to advertise the property for sale. Defendant, on the other hand, was urging that the premises be physically divided into separate apartments for each of the parties. Eventually, through lengthy, arduous and tactful negotiations, Kalik was able to convince the parties to sell the property at a private sale, which ultimately resulted in a higher sale price of $645,000. Previously the parties had acknowledged that no more than $400,000 would be obtained if the property were sold at public auction.
Kalik’s affidavit of services reveals that since his appointment over two years ago, he has spent 57 hours on this matter and anticipated three additional hours. Although his regular hourly billing rate is $200, Kalik requested a fee of $35,000, citing the benefit the parties derived through his efforts. His affidavit sets forth more fully the extent and value of his services.
After the service of Kalik’s affidavit, plaintiff’s attorney contacted the court’s chambers on July 12, 1990, stated that *364 he was leaving on a two-week vacation, and that upon his return he would submit written objections to the fee request. Finally, on July 30, 1990, after not receiving objections from either party, this court fixed Kalik’s compensation at $25,000, plus disbursements, and so informed the parties by letter, and requested that an order to such effect be submitted. It was only thereafter that I received opposing papers from the plaintiff which I did not consider due to their lateness. A proposed order submitted by Kalik was signed by me on August 9,1990.
The language in the order of reference setting Kalik’s fees "as allowed by statute” relates to CPLR 8003 (b). Subdivision (b) generally limits the fees for a Referee appointed to sell realty in any action, other than one to foreclose a mortgage, at $500. However, where the property sells for $10,000 or more, the subdivision provides that "the referee may receive such additional compensation as to the court may seem proper”. Although it has been observed that application of the additional compensation provision has been limited to mortgage foreclosure actions (see, 8 Weinstein-Korn-Miller, NY Civ Prac ti 8003.10), the statutory language does not mandate such a limitation, nor does the statutory history warrant such a construction (see, Schorner v Schorner, 128 Misc 2d 415, 420).
To obtain such additional compensation, a Referee is obligated to demonstrate that he "performed unusual services or was put to unusual trouble” (Chisholm v Hopson, 182 App Div 856, 857). Thus, for instance, additional compensation has been awarded where the parties’ "intransigeant positions” placed a heavy burden on the Referee, compelling him to perform unusual and exceptional services (Major Capital Corp. v 4487 Third Ave. Corp., 15 Misc 2d 1052, 1056). Such a showing has been made here by Kalik, not only by the number of hours needed to fulfill his obligations as Referee, and the profitable result he was able to achieve for the benefit of the parties, but also by the multitude of issues raised by the parties which he was required to resolve in rendering his final report to this court. The $25,000 awarded constitutes fair and reasonable compensation for the hours spent, the quality of services rendered, and the result achieved. In view of the court’s statutory authority to award the Referee additional compensation for his services, plaintiff’s motion is denied.
The denial of plaintiff’s motion reduces the necessity for amending the order of reference, nunc pro tunc, to provide that Kalik’s compensation be based on the services rendered *365 by him. Although the issue may be academic, the court is, nevertheless, inclined to grant that relief.
The rate at which a Referee is compensated should take into account such factors as the amount of time spent as well as "the total amount in issue, the difficulty of the questions of law or the complexity of the facts, [and] the cooperation or lack thereof by the parties and counsel” (8 Weinstein-KornMiller, NY Civ Prac fl 8003.02, at 80-35 — 80-36).
In cases such as this, it is impossible to fully assess such factors at the time of appointment. For this reason the Fourth Department’s decision in Matter of O’Dwyer v Robson (103 AD2d 1036) that a court’s statutory authority to fix a Referee’s compensation at a rate higher than the statutory rate does not require that such higher rate be authorized before the reference is preferable to the contrary authority in the Second Department (e.g., Scher v Apt, 100 AD2d 582, lv dismissed, 63 NY2d 866). Given the lack of any appellate decision on this issue in the First Department, the court chooses to follow the Fourth Department rule (see, 1 CarmodyWait 2d, NY Prac § 2:63).
Because a court always retains jurisdiction to reconsider its prior interlocutory orders during the pendency of the action (Liss v Trans Auto Sys., 68 NY2d 15, 20), plaintiff’s contention that Kalik’s application is untimely is without merit.
As noted above, although Kalik’s cross motion may be rendered academic by the conclusion that the court, in a proper case, possesses the authority under CPLR 8003 (b) to award Referee fees in excess of those set forth in the CPLR, his motion to amend the order of reference, nunc pro tunc, is granted.