■ CLINTON BRUCE GREEN et al., Respondents, v CHARLES A. CURBEAU, Appellant. (Action No. 1.) CHARLES A. CURBEAU, Appellant, v CLINTON BRUCE GREEN et al., Respondents. (Action No. 2.) [861 NYS2d 842]—

Kane, J. Appeals (1) from a judgment of the Supreme Court (Rogers, J.), entered October 26, 2006 in St. Lawrence County, upon a verdict rendered partially in favor of plaintiffs in action No. 1, and (2) from an order of said court, entered January 11, 2007 in St. Lawrence County, which granted defendants' motion to dismiss the complaint in action No. 2.

In 1990, Charles A. Curbeau, Emily Green and Clinton Bruce Green (hereinafter Green) jointly purchased a parcel of real property, placing title solely in Green's name. Emily Green is Curbeau's sister and Green's mother. The parties each contributed to expenses until 1995, at which time Green ceased contributing and the others each paid half of the expenses. On October 16, 1999, the parties executed a contract wherein Curbeau paid Green a small amount of money and agreed to assume the remaining mortgage payments in consideration for title to the property. Curbeau, who had been living on the property, continued to make the mortgage payments, but Green never executed a deed to transfer title. In February 2002, when Curbeau did not pay on the mortgage, the parties had a falling out and Green began making the full payments. Curbeau still continued to occupy the premises. Green later deeded the property to himself and Barbara G. McBath and refinanced the mortgage.

Green and McBath commenced the first of the instant actions, pursuant to RPAPL article 15, seeking a determination that they were the sole owners of the property.* Curbeau raised several counterclaims, including that Green and Emily Green breached a contract concerning Curbeau's pension benefits. Based upon allegations that Curbeau was not taking care of the property, in October 2005 Supreme Court entered a temporary order granting Green exclusive possession of the property during the pendency of the action. After trial, the jury found that Curbeau, Green and Emily Green each owned a one-third interest in the property, McBath had no ownership interest, a valid contract existed concerning the sale of the property to Curbeau, and Green breached that contract. Following the verdict, but prior to entry of judgment, Supreme Court denied Curbeau's motion for immediate possession, set out terms for a closing to take place and found that a joint venture existed between the parties.

Curbeau subsequently commenced the second of these actions, seeking damages due to his removal from the property. Supreme Court granted a motion by Green and Emily Green to dismiss all causes of action. Curbeau appeals the judgment in action No. 1 and the order dismissing his complaint in action No. 2. We affirm.

Supreme Court properly declined to grant Curbeau immediate possession of and title to the property. The court granted him specific performance of the contract, which required a closing rather than immediate transfer of title, and—due to the inordinate delay following execution of the contract—required him to tender the mortgage payments from October 1999 until the date of closing before a closing would occur. Due to the existence of a joint venture and the financial questions created as a result of the parties' dealings through that entity, the court reasonably allowed Curbeau credit only for mortgage payments sent directly to the lender, leaving payments between the parties to be sorted out as part of the winding up of the joint venture. Accordingly, Curbeau can obtain title and possession of the property by tendering the mortgage payments for the period at issue; his recovery for moneys provided to Green will be addressed when the joint venture is officially dissolved.

The jury did not err in determining that no contract existed concerning Curbeau's pension benefits. Curbeau named Green's daughter as the pop-up beneficiary of his pension plan, allegedly as part of an agreement where Green would pay Curbeau the

---

* Emily Green was eventually joined as a party.

difference in his monthly pension benefits resulting from this benefit selection. Considering the parties' testimony, the family relationship and that this benefit selection was made while the parties' relationship was amiable, the jury could have reasonably determined that Curbeau named Green's daughter as a beneficiary out of affection for members of his family, not based on an expectation of continued payments from Green for this choice (*cf. Matter of Barr*, 252 AD2d 875, 877 [1998]).

Curbeau is only entitled to $150 under CPLR 8302. Having prevailed in his counterclaim to compel the determination of his interest in real property, Curbeau was entitled to supplemental costs (*see* CPLR 8302 [a]). The statute provides only a meager amount as additional costs, however (*see Schorner v Schorner*, 128 Misc 2d 415, 416 [1985]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C8302:1). Contrary to Curbeau's assertions, rather than providing for $8,000 in supplemental costs, "the additional allowance as of right under the CPLR can be *computed on no more than $8,000 and cannot exceed $150*" (*Schorner v Schorner*, 128 Misc 2d at 424).

Supreme Court correctly dismissed Curbeau's complaint in action No. 2. The causes of action alleging timber trespass under RPAPL 861 and trespass on property were unsupportable because Green was the title owner and he and Emily Green were found to be part owners in the first action, giving them the rights to enter and to remove shrubs from the property without Curbeau's permission. Curbeau's lack of sole ownership, as well as the court's October 2005 temporary order granting Green possession, require dismissal of the causes of action alleging ejectment and wrongful dispossession. The causes of action sounding in trespass to chattels and conversion were addressed in the first action, where the court ordered that Curbeau's personal property be returned by the date of the closing, which has not yet occurred. As none of his causes of action was viable, the court properly dismissed the entire complaint.

The parties' remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment and order are affirmed, with costs.