James H. Boomer, J.
Plaintiff moves for summary judgment in this mortgage foreclosure action. In Ms affidavit in support of the motion, he states that the purchase-money mortgage *458 sought to be foreclosed was executed on the 30th day of June, 1970 to secure the sum of $72,000 with interest at 6%. The mortgage contains an acceleration clause which provides 1 ‘ that the whole of the principal sum shall become due at the option of the mortgagees; after default in the payment of principal or of interest for thirty days The plaintiff received the first nine monthly installments of principal and interest due August 1, 1970 through April 1, 1971, but did not receive the installment due May 1, 1971. This action was commenced on June 3, 1971. It is conceded that no request for payment was made before the action was begun and that the terms of the mortgage did not require any such request as a condition precedent to the exercise of the option to accelerate.
In his answering affidavit, the defendant states that he made two monthly payments on April 8, 1971, believing he was paying for the months of April and May, but in fact those payments were for the months of March and April. The failure to make the payment due May 1, 1971, he claims was inadvertent and due to his mistaken belief that he had already made that payment. Defendant claims that his ‘ ‘ technical default * * * should not be used by the plaintiff to declare the entire balance of the mortgage immediately due and payable ”, and the commencement by the plaintiff of this foreclosure action only three days after the expiration of the 30-day grace period, without notification to the defendant that the May payment had not been made, is evidence of bad faith on the part of the plaintiff. Defendant requests that the motion for summary judgment be denied and that he be relieved from his default upon payment of the past due mortgage payments. .
In spite of the persuasive argument of Judge Cardozo in his dissenting opinion in Graf v. Hope Bldg. Corp. (254 N Y. 1), the Court of Appeals, in that case, distinguished between a default in the payment of an installment of interest and principal and a failure to pay taxes or assessments. Where the failure is to pay taxes or assessments, the court has equitable power to relieve the mortgagor from his default where the default is inadvertent and no damage is done to the mortgagee (Graf v. Hope Bldg. Corp., supra, pp. 9-10 and cases cited therein). But where the failure is to pay an installment of interest or principal, inadvertent mistake on the part of the mortgagor and the absence of damage to the mortgagee, standing alone, is not sufficient to invoke the equitable powers of the court to relieve a default. In such a case, ‘1 In the absence of some act by the mortgagee which a court of equity would be justified in considering unconscionable, he is entitled to the *459 benefit of the covenant.” (Graf v. Hope Bldg. Corp., supra, p. 4.) “A mortgagor is bound by the terms of his contract as made and cannot be relieved from the default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter’s part ”. (Ferlazzo v. Riley, 278 N. Y. 289, 292.)
Whether or not this distinction is sound, this court is constrained to follow the rule as stated in the Ferlasso case. This court has no power to excuse the defendant’s default even though technical and neither willful nor in bad faith, unless the mortgagee can be charged with waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct. In the Ferlasso case, the court held that such issues when raised should not be settled on affidavits, ‘ ‘ but they should be raised by answer where they may be decided after trial and full hearing of all of the evidence by the trial court.” The Ferlasso case gives little indication as to what the Court of Appeals will consider bad faith, or oppressive or unconscionable conduct on the part of the mortgagee.
Here, at least one prior payment, the March payment, was made more than 39 days after the due date, yet the mortgagee accepted that payment without complaint. This creates an issue of waiver (French v. Row, 77 Hun 380). Issues also exist as to whether the plaintiff was guilty of bad faith or unconscionable conduct. This purchase-money mortgage bears interest at only 6% at a time when the prevailing rate of interest is substantially higher. The failure of the plaintiff to request payment or to notify the defendant that the April payment was overdue, coupled with the prompt commencement of this foreclosure action, suggests that the plaintiff was not concerned about the timely receipt of the installment payments or the effect of late payment upon the security of his mortgage, but rather that he desired to accelerate the payment of the principal balance due, to permit him to reinvest his money at a higher rate of interest. The effect of this, of course, will be to compel the plaintiff to refinance at a substantially higher rate of interest. A trial should be had to determine whether, under all of the circumstances, there has been a waiver or bad faith or oppressive or unconscionable conduct on the part of the mortgagee. The mortgagor shall have 20 days from the date of entry and service of an order based upon this decision, in which to serve an amended complaint setting forth these defenses.
Another issue requires a trial. The mortgage contains a clause that, in the event of a default and an action is commenced for the foreclosure of the mortgage, the mortgagee shall *460 be entitled to recover costs and “ in addition thereto attorney’s fees equal to 5% of the principal balance then due.” The complaint alleges that the principal balance due is $69,260.98. The enforcement of this clause would result in the collection of attorney’s fee in the amount of $3,463.10. Plaintiff is insisting upon payment of this amount together with the principal balance due and statutory costs and disbursements.
A provision in a note or bond and mortgage for the payment of attorney’s fees in a stipulated amount is enforceable if the amount is reasonable and bears a fair relationship to the legal' services necessarily incurred by reason of a breach on the part of the obligor. Where, however, the amount is arbitrary and excessive, such a provision is in the nature of a penalty and is unenforceable (Franklin, Nat. Bank v. Wall St. Commercial Corp., 40 Misc 2d 1003, affd. 21A D 2d 878; Fairfield Lease Corp. v. Marsi Dress Corp., 60 Misc 2d 363, 366).