OPINION OF THE COURT
John R. Tenney, J.
Plaintiff, Lincoln First Bank, N. A., is seeking an additional allowance (CPLR 8303, subd [a], par 1) and attorneys’ fees along with the default judgment in a mortgage foreclosure proceeding.
Generally speaking, counsel fees are not recoverable from an adverse litigant in the absence of an agreement for payment or a statutory provision therefor. (Matter of Singer v *452 Korda & Co., 41 Misc 2d 785; Scheible v Leinen, 67 Misc 2d 457.) The question of allowances in foreclosure matters is set forth in the Civil Practice Law and Rules. Precise percentages are allowed (CPLR 8302, subds [a], [b], [d]) and provision is made for discretionary allowances by the court (CPLR 8303, subd [a], pars 1, 2). There is no provision for attorneys’ fees.
CPLR 8301 (subd [a], par 12) makes provision for disbursement of "such other reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court.” Thus, it may appear that the court had the authority to award reasonable expenses, including attorneys’ fees. Weinstein, Korn and Miller in its treatise on New York Civil Practice disagrees (vol 8, par 8301.04): "Attorney’s fees have not been allowed as a disbursement since 1848 * * * As a substitute for the fee bill, a system of costs and additional allowances was established * * * to reimburse the prevailing party for his litigation expenses, including counsel fees, but attorney’s fees were not taxable * * * CPLR 8301 (a) (12) * * * cannot be construed as overriding the rule denying taxation of attorney’s fees.”
The argument continues that the parties may agree to fees but it is New York’s position that the courts should have the last word on legal fees. (Matter of First Nat. Bank of East Islip v Brower, 42 NY2d 471.) This case related to the use of a quantum meruit determination of fees in a default judgment on a retail installment contract which is not regulated by the CPLR.
In Equitable Lbr. Corp. v IPA Land Dev. Corp. (38 NY2d 516) the court reapplied the strong public policy against the imposition of a penalty by contract. In the matter of foreclosure proceedings, the CPLR spells out the method and manner of imposing costs and seeking reimbursement for disbursements (CPLR 8301, 8302, 8303). If there is to be any change in the allowances, it should be done by the Legislature. It seems that the arbitrary application of attorneys’ fees, in addition to the statutory allowances in default matters, constitutes an illegal and improper imposition of a penalty. (Matter of First Nat. Bank of East Islip v Brower, supra, p 475.)
Despite the fact that there is a contract provision for reasonable attorneys’ fees, there must be recognized the difference in bargaining power. The disparity in bargaining power between the mortgagor and mortgagee is self-evident and' would be a possible basis for invalidating such a contractual *453 term. (Equitable Lbr. Corp. v IPA Land Dev. Corp., supra, p 523.)
An analysis of the application before the court makes a persuasive argument against the award of further fees. Most mortgage foreclosures are pro forma procedures often handled almost exclusively by nonlegal personnel.
Here, the balance due on the mortgage is $3,784.23. The costs and disbursements allowable as of right are $531.27. The legal time is estimated at 114 hours plus an additional 3 hours which is questionable. Plaintiff also seeks over $700 in "legal fees” for nonlegal personnel. The additional request for "legal fees” is $998.75. To further add to the problem, plaintiff seeks an additional allowance under CPLR 8303 (subd [a]) of $103.17. The total requested is almost 50% of the balance of the mortgage in a default proceeding. As such, it is clearly a penalty.
To place a mortgagor in such a position is to restrict any chance to redeem his property. That is not the intention of the Legislature in regulating foreclosure costs. Further, it cannot be construed as an equitable result. Since foreclosure is an equitable proceeding, its actions should meet the standards and maxims of equity.
Attorneys’ fees even if expressly authorized in the mortgage document should not be allowed in foreclosure proceedings. If this results in an insufficient payment for services rendered, it is the duty of the Legislature not the courts, to amend the CPLR.
It has been held that "A provision in a note or bond and mortgage for the payment of attorney’s fees in a stipulated amount is enforceable if the amount is reasonable and bears a fair relationship to the legal services necessarily incurred”. (Scheible v Leinen, 67 Misc 2d 457, 460, supra.) In a contested matter, the court has refused to apply a 15% fee and has applied the fair and reasonable doctrine. This is authorized under CPLR 8303 up to 5% or a maximum of $3,000. The court allowed almost 10% without explanation. (Inter-City Investor Corp. v Kessler, 56 AD2d 645.)
There is considerable confusion regarding the additional allowance under CPLR 8303 (subd [a]) and attorneys’ fees. In a default proceeding the papers are submitted to the court ex parte. Often the special allowance is filled in without an affidavit. Some Judges allow it, some do not. The same result *454 occurs regarding attorneys’ fees. There is a need for uniformity. (8 Weinstein-Korn-Miller, NY Civ Prac, par 8303.02.)
Additional allowances should not be authorized absent proof of activity to justify the exercise of discretion. Attorneys’ fees should not be authorized unless expressly permitted by the Legislature.