■ FEDERAL LAND BANK OF SPRINGFIELD, MASSACHUSETTS, Appellant, v FRANK M. AMBROSANO, Respondent, et al., Defendants. — Appeal from that part of a judgment of the County Court of Schoharie County (Lamont, J.), entered June 18, 1981, which in a mortgage foreclosure proceeding, awarded plaintiff attorneys' fees of $6,000. The issue on this appeal is whether County Court erred in awarding plaintiff attorneys' fees in the amount of $6,000 rather than $27,441, the amount actually incurred by plaintiff. Plaintiff commenced this mortgage foreclosure action in February, 1980. Defendant Ambrosano's answer admitted his default in payment on the bond and mort-

gage and the amount due, but asserted affirmative defenses based upon estoppel, waiver and unconscionable conduct, and further contained a counterclaim seeking damages resulting from the alleged unconscionable conduct of plaintiff. Following the service of its reply, plaintiff conducted an examination before trial of defendant Ambrosano and thereafter moved for summary judgment. By order dated April 9, 1981, County Court granted plaintiff's motion and ordered an inquest to determine the amount of attorneys' fees due plaintiff pursuant to a provision of the bond and mortgage whereby defendant Ambrosano agreed to pay all attorneys' fees in the event of foreclosure. A hearing was held at which plaintiff presented testimony and documentary proof concerning the legal services actually rendered and billed in connection with the litigation. Defendant offered the testimony of an expert witness concerning the time and cost of the legal services which, in his view, were reasonable and necessary to achieve the same result achieved by plaintiff's counsel. The trial court found the $27,441 billed to plaintiff unreasonable and awarded plaintiff attorneys' fees in the amount of $6,000. This appeal ensued. Based upon *Equitable Lbr. Corp. v IPA Land Dev. Corp.* (38 NY2d 516), plaintiff contends that the provision of the bond and mortgage requiring defendant Ambrosano to pay all attorneys' fees in the event of foreclosure obligates him to pay the full amount actually paid by plaintiff pursuant to its arrangement with counsel. Plaintiff's reliance on *Equitable Lbr. Corp.*, however, is misplaced, for the court specifically noted the distinction between stipulations for the recovery of attorneys' fees commonly found in promissory notes, instruments not governed by article 2 of the Uniform Commercial Code, and a liquidated damage provision for attorneys' fees contained in a sales contract between commercial entities dealing at arm's length with relative equality of bargaining power, which the court held was governed by subdivision 1 of section 2-718 of the Uniform Commercial Code (*Equitable Lbr. Corp. v IPA Land Dev. Corp., supra,* pp 522-523). Rather, in our view, the controlling principles are set forth in *Matter of First Nat. Bank of East Islip v Brower* (42 NY2d 471, 474), where, in "recognition of the traditional authority of the courts to supervise the charging of fees for legal services under the courts' inherent and statutory power to regulate the practice of law", the court approved a rule directing that allowance of attorneys' fees on the entry of default judgments be determined on a *quantum meruit* basis rather than by mechanical application of a formula contained in the agreement between the creditor and the debtor. The court explained: "[The rule] requires only that there be an appropriate demonstration that the quantity and quality of legal services actually rendered are such as to warrant, on a *quantum meruit* basis, that full percentage. If not, the fee will be fixed by the court at a proper figure on the same basis" (*id.*). Accordingly, we find that County Court properly inquired into the reasonableness of the quality and quantity of the legal services rendered on behalf of plaintiff in connection with this litigation (see *Equitable Lbr. Corp. v IPA Land Dev. Corp., supra,* p 522). Turning to the question of whether the award was appropriate in light of the above principles, we find no basis for disturbing County Court's factual findings. Review of the itemized schedule of services, the explanation of those services testified to by counsel and the papers submitted on the summary judgment motion, considered in light of the complexity and number of issues relevant to deciding the motion, supports the court's conclusion that while the quality of work cannot be faulted, the papers were extremely lengthy and 325.6 billable hours were unreasonable. Indeed, counsel itself implicity conceded that it expended more than reasonable time on the litigation by deleting some 85 hours of time actually expended to arrive at billable hours. These factors, together with the testimony of defendant's expert, support the finding of the County Court, who

was most familiar with the complexity of the case, that $6,000 was a reasonable amount for attorneys' fees. We find no merit to plaintiff's suggestion that County Court's determination somehow has the effect of infringing on plaintiff's right to employ counsel of its own choosing and penalizing plaintiff for choosing other than local counsel. Rather, while plaintiff may employ counsel of its own choosing, its recovery of attorneys' fees under a provision in the agreement with its debtor is subject to the traditional power of the court to supervise the charging of fees for legal services. Judgment affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.