opinion of the court
William L. Ford, J.
This is an ex parte application by the plaintiff for an order and judgment confirming the report of the referee to compute (David Steenberg, Esq., referee), and directing the foreclosure of a certain mortgage and the sale of certain premises.
This matter first came before the court as an ex parte application for a judgment of sale in foreclosure. The court directed a reference to compute and that reference has now been completed. The plaintiff’s complaint demands an allowance of “reasonable attorney’s fees, if provided for in said bond, note or mortgage”.
The note signed by the mortgagor, defendant David M. Blair, provides in clause (D) of paragraph 4 that the borrower will pay back to the mortgagee “reasonable attorney’s fees” and the mortgage executed by both of the mortgagors, defendants David M. Blair and Deborah A. Blair, expressly provides on page 2 that “|i]f Lender brings a lawsuit of foreclosure and sale * * * then I will pay Lender’s expenses, including reasonable attorney’s fees”.
In support of this application the plaintiff has submitted an affidavit of its counsel which in reliance upon the above-quoted language of the note and the mortgage agreement demands an allowance in the sum of $2,528.
*154 The referee to compute allowed to the plaintiff the full sum of $2,528 and the proposed judgment of foreclosure submitted by plaintiff provides that any deficiency judgment would be solely against the defendant David M. Blair. In regard to attorney’s fees, the mortgage provides in relevant part in paragraph 13 as follows: “However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person’s right in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payment or to act under the Note or under this Mortgage.”
The mortgage does not expressly provide that attorney’s fees or expenses related to a foreclosure and sale are secured by the mortgage. The mortgage does have certain provisions in its paragraph 7 relating to attorney’s fees incurred by the mortgagee (plaintiff) in securing its lien from bankruptcy proceedings and in that regard it is provided that such expenses become part of the amount secured by the mortgage. An allowance in this proceeding of attorney’s fees other than those required pursuant to paragraph 7 of the mortgage is not expressly mandated by the mortgage and there is no clear basis for such an allowance.
The affidavit of Charles B. Ries, Esq., sworn to on May 2, 1983 and submitted in support of the request for attorney’s fees both to the referee and to the court shows that some of the legal fees sought are those related to a bankruptcy proceeding. The complaint in this foreclosure action has attached to its schedule “A” a copy of an order in a bankruptcy proceeding that names the defendants in its title as the “debtors” and declares the plaintiff’s lien as superior and vacates the stay of the lien of enforcement of the bankruptcy proceeding, permitting the plaintiff to proceed to foreclose its mortgage.
The said affidavit does not show that any of the attorney’s fees listed in the affidavit meet the description in paragraph 7 of the mortgage as being “necessary to protect the value of the Property and Lender’s right in the Property.” Paragraph 7 of the mortgage does not recite that proceedings in a Bankruptcy Court solely for the purpose of *155 commencing a foreclosure proceeding are matters necessary to “protect” the rights of the plaintiff.
The mortgage agreement in this proceeding was obviously prepared by the lendor plaintiff and the court will interpret it according to its plain language and clear provisions. There is no showing by the plaintiff that the attorney’s fees claimed are those made a part of the mortgage lien pursuant to paragraph 7 of the mortgage and/or that attorney’s fees in any foreclosure proceedings were intended to be made a part of the mortgage lien.
In the absence of an express agreement for the payment of attorney’s fees as a part of the mortgage lien, such fees may not be awarded by the court in a foreclosure proceeding as part of the amount due upon the mortgage. (Lincoln First Bank v Thayer, 102 Misc 2d 451; cf. Federal Land Bank of Springfield, Mass, v Ambrosano, 89 AD2d 730, 731 [affirming an award of attorney’s fees where the mortgagor “pursuant to a provision in the bond and mortgage * * * agreed to pay all attorneys’ fees in the event of foreclosure.”]) The complaint does not have a separate cause of action to recover attorney’s fees against either of the defendants and in its schedule “E” incorporated in paragraph ninth of the complaint the attorney’s fees incurred in regard to the bankruptcy proceeding are not listed as “charges affecting the mortgage premises”. The summons and complaint are not sufficient to support a claim for attorney’s fees based on the note or on the mortgage in this default judgment proceeding.
In any event, the plaintiff has not established any entitlement to attorney’s fees as a part of the mortgage lien and the allowance of such fees in the report of the referee to compute may not be confirmed. It should be noted that if an application for attorney’s fees were allowed by the court, there would be no basis for also granting an additional discretionary allowance pursuant to CPLR 8303 (subd [a], par 1) in this particular case.
The report of the referee to compute is modified by deleting on its schedule “A” the amount of $2,528 allowed for attorney’s fees, by reducing on schedule “A” the total sum due as of May 2, 1983 to the sum of $23,173.09, by *156 reducing the amount ($25,701.09) set forth on page 2 of the said report of the referee to the sum of $23,173.09, and, as so modified, the report of the referee to compute is confirmed.
Plaintiff is to submit a judgment of foreclosure conforming to this decision.