■ Anthony Aleci, Respondent, v Virgie E. Tinsley's Enterprises, Inc., Appellant, et al., Defendants. — In an action to foreclose a mortgage, defendant Virgie E. Tinsley's Enterprises, Inc., appeals from an order of the Supreme Court, Suffolk County (Mallon, J.), dated August 18, 1983, which denied its motion to dismiss the complaint as against it on the ground that the action was barred by the Statute of Limitations. ¶ Order affirmed, with costs. ¶ On the instant appeal, appellant argues that Special Term erred in denying, on the merits, its motion to dismiss the complaint as against it as time barred. We disagree with appellant's argument. ¶ The instant action was commenced to foreclose a mortgage given by appellant to plaintiff to secure a debt in the amount of $10,000. The mortgage was executed on April 1, 1974, and provided for the payment of any unpaid balance of the $10,000 principal on or before April 1, 1976. In its answer, the appellant interposed the affirmative defense of the Statute of Limitations. ¶ The affirmative defense of the Statute of Limitations may be raised by motion pursuant to CPLR 3211 (subd [a], par 5) prior to service of a responsive pleading, or in the responsive pleading itself (CPLR 3211, subd [e]). In the case at bar, the appellant chose to interpose the affirmative defense in its answer. Its subsequent motion to dismiss the complaint as time barred was therefore "a motion for summary judgment under CPLR 3212 upon a ground stated in CPLR 3211" (*Pace v Perk*, 81 AD2d 444, 456). In response to this motion, plaintiff submitted several writings made by or on behalf of the appellant, which clearly satisfied the requirements of subdivision 1 of section 17-105 of the General Obligations Law, which provides in pertinent part: "§ 17-105. Promises and waivers affecting the time limited for action to foreclose a mortgage ¶ "1. * * * a promise to pay the mortgage debt, if made after the accrual of a right of action to foreclose the mortgage and made, either with or without consideration, by the express terms of a writing signed by the party to be charged, to make the time limited for commencement of the action run from the date of the * * * promise". ¶ Since the earliest of these writings was dated April 15, 1978, the instant action, commenced in April, 1982, was well within the six-year period of limitations contained in CPLR 213 (subd 4). ¶ Accordingly, the appellant's motion to dismiss the complaint as against it as time barred was properly denied, and its affirmative defense based on the Statute of Limitations is without merit. Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur.