■ KENNETH PREGNO AGENCY, LTD., Respondent, v BARBARA J. LETTERESE et al., Appellants, et al., Defendants.—In a mortgage foreclosure action, defendant Letterese appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Putnam County (Benson, J.), dated October 3, 1984, as dismissed her affirmative defenses and granted foreclosure and sale, and defendant Mid Hudson Savings Bank appeals from the entirety of said judgment.

Appeal by defendant Mid Hudson Savings Bank dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [f]).

On appeal by defendant Letterese, judgment modified, on the law and as an exercise of discretion, by striking the additional allowance of $500 under CPLR 8303 (a) (2) from the first decretal paragraph and section THIRD of the second decretal paragraph thereof. As so modified, judgment affirmed, insofar as appealed from by defendant Letterese, without costs or disbursements.

Defendant Barbara Letterese and her husband (since deceased) purchased residential property in the Town of Carmel in Putnam County, and received a deed from Matt Bevilacqua, Inc., a real estate agency with offices in Mahopac, New York. At the time of its purchase by the Lettereses, the property was encumbered by a $10,000 commercial mortgage held by the plaintiff and given by Matt Bevilacqua, Inc. The mortgage and note provided for an interest rate of 24% per annum on the $10,000 loan. They required the payment of interest only for a period of six months, at which time the entire principal became due. Although the mortgage had been recorded, the Lettereses were unaware of its existence due to an error in the title examination by their title insurance company. The plaintiff commenced foreclosure proceedings after Matt Bevi-

lacqua, Inc. defaulted after having made only two monthly interest payments. Matt Bevilacqua, Inc. also defaulted in appearing in the foreclosure proceedings. The defendant Mid Hudson Savings Bank had held two mortgages on the property, both of which were satisfied at the time the foreclosure action was tried.

The judgment of foreclosure and sale awarded plaintiff the sum of $10,000, representing the unpaid principal of the loan together with interest thereon at the rate of $200 per month until the date of entry of that judgment or the date of full repayment of the principal, whichever was later; $1,500 in legal fees; and costs and disbursements as taxed by the clerk. Plaintiff was also awarded an additional discretionary allowance of $500 pursuant to CPLR 8303 (a) (2).

The terms of the mortgage and note properly govern the accrual of interest upon the principal at the contract rate of $200 per month (*see, Astoria Fed. Sav. & Loan Assn. v Rambalakos,* 49 AD2d 715; *Stull v Joseph Feld, Inc.,* 34 AD2d 655). Likewise, legal fees were properly included in the judgment since they were expressly provided for in the mortgage, and since they bore a reasonable relationship to the unrecovered principal, and to the time and effort expended in the foreclosure action (*see, Federal Land Bank v Ambrosano,* 89 AD2d 730; *Lincoln First Bank v Thayer,* 102 Misc 2d 451, 453).

But although the mortgage provided plaintiff the right to recover "additional allowances as provided by law", it was an abuse of discretion for the court to grant a $500 additional allowance under CPLR 8303 (a) (2). The record establishes that this was not a difficult or extraordinary case (*see, Delisio v Clyde Milling Corp.,* 24 AD2d 823). Three witnesses testified at the two-day trial and the plaintiff's other proof consisted only of documents prepared in connection with the loan transaction. The primary issues of the mortgagor's corporate status, estoppel, usury and lack of consideration were not so complicated or novel as to justify a conclusion that this was a difficult or extraordinary case.

In light of the award of $1,500 for plaintiff's attorney's fees, plus costs and disbursements, a discretionary allowance under CPLR 8303 (a) (2) should not have been included in the judgment (*see, Delisio v Clyde Milling Corp., supra; Cohoes Sav. Bank v Blair,* 119 Misc 2d 153, 155).

We affirm the trial court's findings on the merits of the foreclosure action. Defendant Letterese's denial of knowledge and information sufficient to form a belief as to the corporate

status of defendant Matt Bevilacqua, Inc. and her affirmative defense that the loan proceeds were paid to an individual and not to the defendant corporation were insufficient under CPLR 3015 (b) to raise an issue as to the corporate status of Matt Bevilacqua, Inc. Since the defense of lack of corporate status was not purely technical, defendant Letterese should have specifically denied the corporate existence of Matt Bevilacqua, Inc. (*see, A. A. Sutain, Ltd. v Montgomery Ward & Co.,* 22 AD2d 607, *affd* 17 NY2d 776; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3015.09). In any event, defendant Letterese is estopped from denying the corporate status of defendant Matt Bevilacqua, Inc. since she accepted her title to the foreclosed property from that corporation and may not now deny its existence in order to defeat a prior mortgage on the property by the corporation (*see, Sacks v Anne Realty Co.,* 131 Misc 117, 119). The appellant's remaining contentions, that the loan was usurious and that the loan lacked consideration, are not supported by the record. Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.