■ JOSEPH PETITO, Respondent-Appellant, v ALICE-MARY PIFFATH, Appellant-Respondent, et al., Defendants. [604 NYS2d 591] —In an action, *inter alia,* to foreclose a mortgage, the defendant Alice-Mary Piffath appeals, and the plaintiff cross-appeals on the ground of inadequacy, from a judgment of the Supreme Court, Queens County (Hyman, J.H.O.), entered July 12, 1990, which, is in favor of the plaintiff and against the defendant Piffath in the principal amount of $183,586.45.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff interest to May 24, 1990 in the amount of $163,790.73, and substituting therefore a provision awarding the plaintiff interest to July 12, 1990; as so modified, the judgment is affirmed, with costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for recalculation of interest in accordance herewith and entry of an appropriate amended judgment.

While the record supports the conclusion that the defendant Piffath acted with intent to defraud other creditors, there is no evidence that the defendant Piffath misled the plaintiff. The Supreme Court therefore erred in concluding that the defendant Piffath was estopped from asserting the Statute of Limitations as a bar to the plaintiff's foreclosure action *(see, Simcuski v Saeli,* 44 NY2d 442, 448-449; *Hoffman v Hoffman,* 162 AD2d 249).

We find, however, that the defendant Piffath's stipulation with the original mortgagee, wherein the defendant Piffath agreed to pay the full amount due in exchange for the assignment of the mortgage and note to his brother, amounted to a promise to pay a mortgage debt, made after the accrual of a right of action to foreclose the mortgage, thereby causing the Statute of Limitations to run anew *(see,* General Obligations Law § 17-105; *Aleci v Tinsley's Enters.,* 102 AD2d 808). The plaintiff's action to foreclose was therefore timely *(see,* CPLR 213 [4]).

We find no merit to the plaintiff's contention that the Supreme Court erred in deducting previously-paid interest from the amount due on foreclosure. In addition, the court properly denied the plaintiff's request for compound interest, since the mortgage does not provide for such *(see, Pregno Agency v Letterese,* 112 AD2d 1032, 1033; *Schwall v Bergstol,* 97 AD2d 540, 541). The court did err, however, in awarding prejudgment interest accrued until May 24, 1990, as the plaintiff is entitled to interest accrued until the date of entry of the judgment *(see,* CPLR 5002; *Pregno Agency v Letterese, supra; Schwall v Bergstol, supra).*

The plaintiff's contention that he is entitled to late charges according to the terms of the mortgage is without merit, as the plaintiff did not seek to recover the late charges in his pleadings, did not seek leave to amend the pleadings, and did not raise the issue at the trial. The plaintiff's arguments regarding certain disbursements and additional allowances

disallowed by the clerk at the time of the taxation of costs are unpreserved for appellate review, since the plaintiff failed to move in the Supreme Court for judicial review of the determination of the clerk *(see,* CPLR 5501 [a]; 8404). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.