OPINION OF THE COURT
Herbert Kramer, J.
Can a defaulting defendant litigate the amount awarded in attorney’s fees after the foreclosure sale?
*646 The defendant, who defaulted in an action to foreclose a $59,000 tax lien and whose motion for a stay of the transfer of the deed was denied, contests the $88,000 legal fee awarded, asserting that these fees are unreasonable.[1] In response, plaintiffs argue that the properly served defendant’s failure to appear throughout the course of the proceedings bars his participation now and that in any event the fees are reasonably based upon the amount of effort expended to prosecute this litigation.[2]
It is well settled that the owner’s right to redeem foreclosed property expires upon the sale of the property. That sale can only be stayed by timely motion and by depositing money into court in accordance with RPAPL 1341 (2), which was not done here. (NYCTL 1996-1 Trust v LFJ Realty Corp., 307 AD2d 957, 958 [2d Dept 2003] [where the defendant “failed to make a payment into court and to make a motion to stay the sale of the property as required by RPAPL 1341 (2),” defendant’s right to redemption expired upon the sale of the property].)
The requirements of RPAPL 1341, which are properly applied to a tax lien foreclosure proceeding (NYCTL 1998-1 Trust v Rabinowitz, 7 AD3d 459 [1st Dept 2004]), are “ ‘mandatory in nature . . . [are not susceptible to] discretionary interpretation or application,’ ” and are not satisfied by an emergency order to stay the transfer of the deed. (Wells Fargo Home Mtge., Inc. v Hiddekel Church of God, Inc., 1 Misc 3d 913[A], 2004 NY Slip Op 50054[U], *5 [Sup Ct, Kings County 2004], quoting Green Point Sav. Bank v Oppenheim, 237 AD2d 409, 410 [2d Dept 1997].) However, it is equally well settled that in exercising its equitable powers, this court has the discretion to set aside a judicial sale. (Guardian Loan Co. v Early, 47 NY2d 515 [1979].) There are a number of grounds upon which this can be premised, including mistake and fraud.
*647 This court now holds that inflated legal fees in foreclosure proceedings will render the sale vulnerable to vacatur. This is because applications for attorney’s fees are made in many, if not most, cases, after the default has occurred. Excessively large legal fees could unreasonably inflate the amount owed upon the debt, preventing or severely limiting the owner’s ability to stay the sale and redeem the property. (RPAPL 1341 [2].) Therefore, a mechanism for contesting fee awards must be available even in the face of a default and even where, as here, the mandates of RPAPL 1341 were not satisfied and the sale itself must be set aside.
This being said, we will now proceed to analyze the award of legal fees in a tax lien foreclosure proceeding. Section 11-335 of the Administrative Code governs legal fees in a tax lien foreclosure proceeding and recites in pertinent part: “A plaintiff in an action to foreclose a tax lien shall recover reasonable attorney’s fees for maintaining such action.” An action to foreclose a tax lien is “regulated by the provisions of the civil practice law and rules and by all other provisions of law, and rules of practice applicable [to real property foreclosure actions].” (Administrative Code § 11-335.)
Therefore, in order to determine what constitutes “reasonable attorney’s fees” we turn to the statutes and case law governing mortgage foreclosures. In a mortgage foreclosure proceeding, there is no statutory allowance for attorney’s fees— such fees must be contracted for. (Lincoln First Bank v Thayer, 102 Misc 2d 451 [Sup Ct, Onondaga County 1979].) Even when contracted for, policy rather than personal proclivity dictates that the amount of the fee be scrutinized to insure that “the amount is reasonable and bears a fair relationship to the legal services necessarily incurred.” (Scheible v Leinen, 67 Misc 2d 457, 460 [Sup Ct, Monroe County 1971]; see also Kenneth Pregno Agency v Letterese, 112 AD2d 1032 [2d Dept 1985] [there must be a showing that the fees bear a reasonable relationship to the unrecovered principal and the time and effort expended in the action].)
Here, there is no mortgage memorializing an agreed upon fee. All we have is a statutory pronouncement allowing “reasonable” attorney’s fees. While the plaintiffs lay claim to fees based upon the time they spent in the matter and the difficulty of the case, these factors must be balanced against the policy considerations attendant in a foreclosure proceeding which make paramount the interest of the owner in redeeming the property. *648 Accordingly, those aspects of a quantum meruit determination that consider the relationship of the fee to the unrecovered principal must weigh in heavily. (Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877 [3d Dept 1997].)
This court holds that where, as here, the amount sought in fees represents more than IV2 times the amount of the tax lien, this factor, alone, warrants another look at the fee that was authorized. This court examined the facts underlying the fee request on a prior occasion, and finds that plaintiffs’ claim if decided only upon the nature and extent of the work performed is not unreasonable. However, the broad public policy considerations that militate for keeping foreclosure costs low in order to give owners an opportunity to redeem their property, or at the very least recoup some of their losses in a surplus money proceeding, mandate a drastic reduction in the fee awarded here which is so grossly disproportionate to the amount actually recovered in the underlying proceeding.
Moreover, this court holds that where, as here, the costly litigation undertaken by the plaintiffs was in response to defenses raised by an appearing codefendant, who is at least potentially chargeable with having taken the risk of incurring additional costs, the defaulting defendant should not be so burdened.
In conclusion, based upon all of the prior proceedings had herein and submissions made therewith, this court holds that an award of $5,000 for attorney’s fees is fair and reasonable. Accordingly, the defendant’s motion is granted to the extent that the judgment of foreclosure and sale is hereby amended, deleting the provision awarding attorney’s fees in the sum of $88,523.50 and inserting in its stead a provision awarding the sum of $5,000 in attorney’s fees and amending the judgment amount accordingly. To the extent that a sale was held in this matter, that sale is hereby set aside.

. He also claimed that he had no knowledge of the application for these fees because he was not served. At oral argument it appears that the claim of lack of service, which this court rejects, devolved to a difference of one digit in the zip code and this court finds that this insignificant deviation does not trigger the necessity of a traverse hearing.

. Plaintiffs additionally assert that most of these fees accrued in the course of the extensive litigation undertaken in opposition to a codefendant’s motion and appellate practice. This litigation continued, they state, over a period of six years wherein they appeared in the Supreme Court and the Appellate Division on 10 occasions, filed 12 motions, affirmations and briefs, and conducted extensive research concerning the constitutionality of the Administrative Code of the City of New York, usury in tax lien law and the validity of the notice of pendency. In previous submissions to this court, the fees and charges were extensively detailed.