■ NYCTL 1998-1 Trust et al., Appellants, v Oneg Shabbos, Inc., Respondent, et al., Defendants. [830 NYS2d 763]—

In an action to foreclose on a real property tax lien pursuant to Administrative Code of the City of NY § 11-335, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated May 18, 2005, which granted the motion of

the defendant Oneg Shabbos, Inc., to amend the judgment of foreclosure and sale dated January 21, 2004, to the extent of vacating the award of attorney's fees in the sum of $88,523.50 and awarding the sum of only $5,000 for attorney's fees.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion to amend the judgment of foreclosure and sale to the extent of awarding the sum of $5,000 for attorney's fees; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of reasonable attorney's fees to be awarded to the plaintiffs.

On May 3, 1998 the plaintiffs commenced an action to foreclose a tax lien on premises owned by the defendant Oneg Shabbos, Inc. On January 31, 2005 a judgment of foreclosure and sale was rendered. The judgment awarded the plaintiffs attorney's fees in the sum of $88,523.50. It is undisputed that the plaintiffs were entitled to recover "reasonable attorney's fees" under Administrative Code § 11-335 for maintaining the foreclosure action. At issue is whether the Supreme Court properly amended the judgment of foreclosure to reduce the award of "reasonable attorney's fees" without a hearing based solely upon "the policy considerations attendant in a foreclosure proceeding which make paramount the interest of the owner in redeeming the property." Specifically, the court found that "the broad public policy considerations that militate for keeping foreclosure costs low in order to give owners and opportunity to redeem their property or at the very least recoup some of their losses in a surplus money proceeding, mandate a drastic reduction in the fee awarded." The Supreme Court erred in so doing.

"A court's function in interpreting a statute is to 'attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used'" (*Matter of Elgut v County of Suffolk*, 1 AD3d 512, 513 [2003], quoting *Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y.*, 83 NY2d 240, 244 [1994], *cert denied* 513 US 811 [1994]; *see Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y.*, 14 AD3d 553, 557, *affd* 7 NY3d 451 [2006]). Administrative Code § 11-335 expressly provides that "[a] plaintiff in an action to foreclose a tax lien shall recover reasonable attorney's fees for maintaining such action." "Reasonable attorney's fees" are commonly understood to be those fees which represent the reasonable value of the services rendered (*RAD Ventures Corp. v Artukmac*, 31 AD3d 412, 414 [2006], *lv*

*denied* 7 NY3d 715 [2006]; *see Cascade Mushroom Co. v Aux Delices Des Bois*, 293 AD2d 305, 306 [2002]; *Green Point Sav. Bank v Tornheim*, 261 AD2d 360 [1999]; *Emigrant Sav. Bank v Bristol*, 282 AD2d 497, 498 [2001]; *Guiliano v Carlisle*, 236 AD2d 364, 365-366 [1997]; *see also Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel*, 243 AD2d 877, 878-879 [1997]). Moreover, a review of the legislative history of Administrative Code § 11-335 does not support the contention that the interest of the owner in redeeming the property should be a factor in determining the reasonable attorney's fees to which a plaintiff is entitled. To the contrary, a review of the legislative history reveals that the underlying purpose of the enactment of this provision was to promote the bulk sale of tax liens in order to, inter alia, facilitate property tax collections which would relieve the upward pressure on property tax rates and raise additional revenue (*see* Sales of Tax Liens, Bill Jacket, Local Law No. 26 [1996] of City of NY). A reduction of "reasonable attorney's fees" would, therefore, be in contravention of the underlying purpose of this provision of the Administrative Code (*see generally Guardian Loan Co. v Early*, 47 NY2d 515 [1979]). Based upon the foregoing, the Supreme Court erred in determining that consideration of the plaintiff's equitable right of redemption alone required a reduction of the legal fees awarded from the sum of $88,523.50 to the sum of $5,000.

However, the record does not reveal any basis for determining that the attorney's fees in the sum of $88,523.50 represented a reasonable award (*cf. Sheikh v Basheer*, 34 AD3d 670 [2006]; *SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986 [2006]; *TPZ Corp. v Winant Place Assoc.*, 308 AD2d 577, 578 [2003]). In making an award of attorney's fees "the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (*SO/Bluestar, LLC v Canarsie Hotel Corp.*, *supra* at 988 [internal quotation marks omitted]; *see Bankers Fed. Sav. Bank v Off W. Broadway Devs.*, 224 AD2d 376, 378 [1996]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and a new determination. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur. [*See* 8 Misc 3d 645 (2005).]