In an action to enjoin the defendant from using its real property for certain nonresidential purposes and to recover damages for nuisance, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 4, 2007, which granted that branch of the defendant’s cross motion which was, in effect, to dismiss the complaint without prejudice pursuant to CPLR 3211 (a) (7), and, in effect, denied, as academic, the plaintiffs’ motion for summary judgment on the issue of liability on the cause of action for injunctive relief pursuant to Town Law § 268 (2).
Ordered that the order is reversed, on the law, with costs, that branch of the defendant’s cross motion which was, in effect, to dismiss the complaint without prejudice pursuant to CPLR 3211 (a) (7) is denied, and the matter is remitted for further proceedings in accordance herewith on the plaintiffs’ motion for summary judgment on the issue of liability on the cause of action for injunctive relief pursuant to Town Law § 268 (2).
The plaintiffs, three resident taxpayers of the Town of Southampton, commenced the instant action, inter alia, to enjoin the defendant, a neighboring land owner, from using its property for waste management services, which use, they allege, violates the Town’s zoning code. The complaint asserted causes of action for an injunction pursuant to Town Law § 268 (2) and the common law, and to recover damages for nuisance. The plaintiffs moved for summary judgment on the issue of liability as to the cause of action asserted pursuant to Town Law § 268 (2). The defendant cross-moved, in effect, to dismiss the complaint without prejudice pursuant to CPLR 3211 (a) (7), arguing that the Town’s subsequent commencement of a criminal proceeding against it defeated the plaintiffs’ claim under *450 Town Law § 268 (2). The Supreme Court granted the defendant’s cross motion and, in effect, denied the plaintiffs’ motion as academic. The plaintiffs appeal and we reverse.
Town Law § 268 (2) permits a town to “institute any appropriate action or proceedings” to “restrain, correct or abate” a violation of its zoning ordinance, or to prevent any illegal uses of land. It further provides that “upon the failure or refusal of the proper local officer, board or body of the town to institute any such appropriate action or proceeding for a period of ten days after written request by a resident taxpayer of the town so to proceed, any three taxpayers of the town residing in the district wherein such violation exists, who are jointly or severally aggrieved by such violation, may institute such appropriate action or proceeding in like manner as such local officer, board or body of the town is authorized to do.”
The plaintiffs satisfied the condition precedent to maintaining a cause of action pursuant to Town Law § 268 (2) by establishing the Town’s “official lassitude or nonfeasance in the enforcement of zoning laws” (Little Joseph Realty v Town of Babylon, 41 NY2d 738, 741 [1977]). This action was commenced more than 10 days after the Town was served with notice of the alleged violation and failed to institute an “appropriate action or proceeding.” Since the plaintiffs were thus entitled to commence this action, the complaint is not subject to dismissal by reason of the Town’s commencement of a criminal prosecution in the local Justice Court after expiration of the 10-day notice period. Construing the statute in accordance with its plain meaning, as we must (see People v Finnegan, 85 NY2d 53, 58 [1995], cert denied 516 US 919 [1995]; see also Friedman v Connecticut Gen. Life Ins. Co., 9 NY3d 105, 115 [2007]; NYCTL 1998-1 Trust v Oneg Shabbos, Inc., 37 AD3d 789, 790 [2007]), the Town’s commencement of the criminal proceeding presents no basis for the dismissal of the instant complaint.
Moreover, the criminal prosecution instituted by the Town is not an “appropriate action or proceeding,” as that phrase is used in the statute (Town Law § 268 [2]). While the criminal proceeding may result in punishment for the defendant’s allegedly unlawful acts, it will not prevent, restrain, abate, or correct them, as the statute requires.
The defendant also failed to establish its entitlement to dismissal of the plaintiffs’ causes of action for a common-law injunction and to recover damages for nuisance. The only basis asserted for dismissal of those causes of action was the Town’s subsequent actions taken with respect to the subject property. Unlike the cause of action asserted pursuant to the Town Law, *451 however, the common-law causes of action are not dependent upon any nonfeasance on the part of the Town in the first instance. Accordingly, the Supreme Court erred in granting that branch of the defendant’s cross motion, in effect, which was to dismiss the complaint without prejudice and also erred, in effect, in denying the plaintiffs’ motion for summary judgment as academic.
Since the defendant was advised that it would be given 10 days after the entry of any order denying that branch of its motion which was to dismiss the complaint to submit opposition to the plaintiffs’ motion for summary judgment, the defendant did not have a full and fair opportunity to oppose the plaintiffs’ motion. Thus, the matter is remitted to the Supreme Court, Suffolk County, to allow the defendant to submit opposition to the plaintiffs’ motion and for a determination of the plaintiffs’ motion thereafter. Spolzino, J.P., Ritter, Santucci and Garni, JJ., concur.