East Ramapo Central School District, Respondent, v New York Schools Insurance Reciprocal, Appellant. [54 NYS3d 413]—

Appeal by the plaintiff from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 15, 2015, and (2) a judgment of that court entered March 24, 2016, and cross appeal by the defendant from the judgment. The judgment is in favor of the plaintiff and against the defendant in the principal sum of $187,500. The appeal and cross appeal from the judgment bring up for review orders of that court entered October 22, 2013, February 5, 2014, March 28, 2014, June 18, 2014, and September 2, 2014, and the order appealed from entered June 15, 2015.

Ordered that the appeal from the order entered June 15, 2015, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, the facts, and in the exercise of discretion, without costs or disbursements, (a) the determination in the order entered February 5, 2014, denying the plaintiff's motion pursuant to CPLR 3124 to compel the defendant to comply with discovery demands is vacated, (b), upon reargument and renewal, the determination in the order entered February 5, 2014, made upon renewal, in effect, vacating the order entered October 22, 2013, and thereupon granting that branch of the defendant's cross motion which was for summary judgment declaring that it was not obligated to defend the plaintiff in the underlying action after September 30, 2013, and otherwise denying the cross motion, and granting that branch of the plaintiff's motion which was for summary judgment declaring that the defendant was obligated to defend the plaintiff in the underlying action through September 30, 2013, and otherwise denying the motion, is adhered to, (c) the determination in the order entered June 15, 2015, that the plaintiff was entitled to an award of damages in the principal sum of $187,500 on its cause of action to recover damages for breach of contract is vacated, the orders entered March 28, 2014, and June 18, 2014, are modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The appeal from the intermediate order entered June 15,

2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

These appeals arise out of an insurance coverage dispute between the plaintiff, East Ramapo Central School District (hereinafter the School District), and its insurer, the defendant, New York Schools Insurance Reciprocal (hereinafter NYSIR). The policy issued by NYSIR provided coverage for claims, "made against the Insured and reported to [NYSIR] during the Policy Period and any Extended Reporting Period," for "Wrongful Act(s) by the Insured in the performance of duties for the School Entity." The policy defined the term "School Entity" as the School District. The term "Insured" was defined, in relevant part, as "the School Entity, the Board of Education of the School Entity, all present and former members of the Board of Education, officers, trustees, employees . . . but only . . . while acting solely within the course and scope of their duties or employment for the School Entity." The term "Wrongful Act" was defined under the policy as "any actual or alleged breach of duty, negligent error, misstatement, misleading statement or omission by an Insured solely in the course and scope of the Insured's duties or employment for the School Entity." The policy excluded coverage for claims related to, among other things, "any fraudulent, dishonest, malicious, criminal or intentional wrongful act or omission by an Insured."

While the policy was in effect, a putative class action entitled *Montesa v Schwartz* (hereinafter the underlying action) was commenced under Docket No. 12-cv-06057 in the United States District Court for the Southern District of New York (hereinafter the District Court). The complaint in the underlying action alleged that the defendants in the underlying action, who are former and present members, employees, or attorneys of the School District's Board of Education, "engaged in numerous schemes to siphon off public money to support private religious institutions in various yeshivas, forcing a large cut in instructional programming in the public schools to a degree that the right of public school children to an education is impugned." The School District, initially named as a plaintiff in the underlying action, subsequently intervened as a defendant in that action.

The complaint in the underlying action alleged, inter alia, violations of the Establishment Clause of the First Amendment

and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and article VIII of the New York Constitution, and claims of breach of fiduciary duty and fraud. The School District provided notice of the underlying action to NYSIR. NYSIR disclaimed coverage on several grounds, including that the alleged acts of the defendants in the underlying action fell outside the scope of their duties and employment with the School District and that the allegations in the underlying action cast the pleadings in that action wholly within the policy's exclusion for claims related to intentional, wrongful acts.

After an amended complaint was filed in the underlying action, which was substantially similar to the original complaint in that action, the School District commenced this action against NYSIR. It asserted a cause of action alleging breach of contract, a cause of action alleging breach of the implied covenant of good faith and fair dealing, and a cause of action seeking a declaration that NYSIR had a duty to defend and indemnify it in the underlying action. Thereafter, the School District moved for summary judgment on its cause of action seeking a declaration that NYSIR was obligated to defend it in the underlying action. NYSIR cross-moved for summary judgment declaring that it was not so obligated. By order entered October 22, 2013, the Supreme Court granted the School District's motion and denied NYSIR's cross motion, concluding that the allegations of the amended complaint in the underlying action, construed liberally, suggested a reasonable possibility of coverage. The court emphasized that the cause of action alleging breach of fiduciary duty was premised on both intentional and negligent conduct and, therefore, found that the allegations of the amended complaint did not fall entirely within a policy exclusion.

"A duty to defend is triggered by the allegations contained in the underlying complaint" (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]). "An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (*Salt Constr. Corp. v Farm Family Cas. Ins. Co.*, 120 AD3d 568, 569 [2014]; *see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 714). " 'If any of the claims against [an] insured arguably arise from covered events, the insurer is required to defend the entire action' " (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443 [2002], quoting *Frontier Insulation Contrs. v Merchants*

*Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]). "Indeed, '[t]he duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer . . . [and, it is immaterial] that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions'" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d at 443-444, quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310 [1984]).

Nonetheless, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Cumberland Farms, Inc. v Tower Group, Inc.*, 137 AD3d 1068, 1070 [2016]). Policy exclusions are to be strictly and narrowly construed and are not to be extended by interpretation or implication (*see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307 [2009]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d at 311). "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint [in the underlying action] cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d at 175; *see 492 Kings Realty, LLC v 506 Kings, LLC*, 88 AD3d 941, 943 [2011]; *Exeter Bldg. Corp. v Scottsdale Ins. Co.*, 79 AD3d 927, 929 [2010]).

In the order entered October 22, 2013, the Supreme Court properly determined that NYSIR had a duty to defend the School District in the underlying action. The amended complaint included allegations that the defendants breached their fiduciary duty "[b]y failing to 'take reasonable steps to ascertain the value'" of certain properties that were sold by the School District "and not 'utilizing a method of sale, which is apt to bring in the best price.'" Those allegations, liberally construed, suggest a reasonable possibility of coverage, and therefore, triggered NYSIR's duty to defend in the underlying action (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d at 175; *GMM Realty, LLC v St. Paul Fire & Mar. Ins. Co.*, 129 AD3d 909, 910 [2015]; *Barkan v New York Schools Ins. Reciprocal*, 65 AD3d 1061 [2009]). In addition, the court

properly determined that the alleged acts of the defendants in the underlying action, including allegations that those defendants mishandled and misused School District funds, occurred within the course and scope of their employment with the School District (*see Matter of Dreyer v City of Saratoga Springs*, 43 AD3d 586, 587-588 [2007]).

Our analysis, however, does not end here. On September 30, 2013, in the underlying action, the District Court dismissed 8 of the 10 causes of action asserted in the amended complaint, including the cause of action alleging breach of fiduciary duty. Thereafter, NYSIR moved for leave to renew its cross motion for summary judgment. By order entered February 5, 2014, the Supreme Court granted leave to renew, and upon renewal, in effect, vacated the order entered October 22, 2013, and thereupon, awarded NYSIR summary judgment declaring that it was not obligated to defend the School District after September 30, 2013.

Initially, we reject the School District's contention that the Supreme Court erred in granting NYSIR's motion for leave to renew. The parties' prior motions for summary judgment were fully submitted to the court on September 9, 2013, and the new facts were not in existence at that time. Accordingly, NYSIR established a reasonable justification for failing to present the new facts on its prior cross motion (*see Ramos v City of New York*, 61 AD3d 51 [2009]; *see also Davi v Occhino*, 116 AD3d 651, 652 [2014]).

Moreover, upon renewal, the Supreme Court properly determined that NYSIR was not obligated to defend the School District after September 30, 2013. The two remaining causes of action in the underlying action, set forth in a third amended complaint, alleged violations of the Establishment Clause of the First Amendment of the United States Constitution and article VIII of the New York Constitution. Notably, the breach of fiduciary duty claim, which triggered NYSIR's duty to defend, was dismissed. Contrary to the School District's contention, the remaining causes of action in the underlying action were based solely upon allegations that the defendants in that action intentionally participated in a scheme to, inter alia, illegally fund religious activities and institutions, and therefore, fall entirely within the policy's exclusion for claims related to intentional, wrongful acts (*see Amato v National Specialty Ins. Co.*, 134 AD3d 966, 968-969 [2015]; *Erie Ins. Co. v Nick Radtke, Inc.*, 126 AD3d 757, 758 [2015]). Furthermore, the court properly determined that the School District failed to establish that any of the defendants in the underlying action were "in-

nocent insureds" since each of these defendants were alleged to have participated in the scheme.

Thereafter, in the underlying action, the District Court reconsidered the prior motions of the defendants therein and issued an order dated March 12, 2014, which directed the dismissal of one of the two remaining causes of action, leaving only the Establishment Clause cause of action. The School District then moved in the instant action for leave to reargue and renew its prior motion for summary judgment and its opposition to NYSIR's prior motion for leave to renew. By order entered March 28, 2014, upon reargument and renewal, the Supreme Court determined that NYSIR was obligated to defend the School District in the underlying action through March 12, 2014, rather than September 30, 2013, as it had determined in its order entered February 5, 2014, and vacated so much of that earlier determination. Subsequently, in an order entered June 18, 2014, upon granting NYSIR leave to reargue, the Supreme Court adhered to the determination in the order entered March 28, 2014. We agree with NYSIR that this was error.

The District Court's determination on March 12, 2014, did not have the effect of extending NYSIR's duty to defend the School District in the underlying action through March 12, 2014. As stated above, the Supreme Court properly determined that there was no possible factual or legal basis on which NYSIR might eventually be obligated to indemnify the School District in the underlying action after September 30, 2013, when the District Court dismissed all of the causes of action in the amended complaint in the underlying action, except the causes of action alleging a violation of the Establishment Clause of the First Amendment of the United States Constitution and article VIII of the New York Constitution. Under no scenario would the District Court's determination of the motions of the defendants in the underlying action for reconsideration revive any of the causes of action or allegations that originally triggered NYSIR's duty to defend. Accordingly, the Supreme Court erred in determining that NYSIR was obligated to defend the School District in the underlying action through March 12, 2014, and, instead, should have adhered to its determination in the order entered February 5, 2014, that NYSIR was obligated to defend the School District in the underlying action through September 30, 2013.

Furthermore, in the order entered February 5, 2014, the Supreme Court denied the School District's motion to compel discovery relating to its cause of action alleging breach of the

implied covenant of good faith and fair dealing, and later adhered to that determination upon reargument in the order entered March 28, 2014. This was error. In denying the School District's motion, the court concluded that NYSIR's disclaimer was not in bad faith, "as a matter of law," even though there was no motion to summarily dismiss that cause of action. The court was not authorized to, in effect, resolve that substantive issue, on the merits and as a matter of law, on a discovery motion (*see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d 56, 62 [2007]; *see generally Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Thus, the matter must be remitted to the Supreme Court, Nassau County, for a new determination of that motion.

Contrary to NYSIR's contention, however, the School District did not waive the attorney-client privilege by commencing an action against NYSIR for indemnification (*see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d at 63-66; *Occidental Chem. Corp. v Hartford Acc. & Indem. Co.*, 184 AD2d 1038, 1038-1039 [1992]; *see also Bovis Lend Lease LMB, Inc. v Seasons Contr. Corp.*, 2002 WL 31729693, *16, 2002 US Dist LEXIS 23322, *47 [SD NY, Dec. 5, 2002, No. 00 Civ 9212 (DF)]). Although the School District placed the reasonableness of its attorneys' fees at issue, it did not place at issue any legal advice it received from its attorneys in connection with the underlying action, its attorneys' work product, or their private mental impressions, conclusions, opinions, or legal theories (*see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d at 65). Moreover, NYSIR failed to demonstrate that invasion of the privilege was necessary to assess the reasonableness of the School District's attorneys' fees in the underlying action (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 62 AD3d 581, 582 [2009]; *Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d at 64-65; *see also Microsoft Corp. v Federal Ins. Co.*, 2003 WL 548758, *3, 2003 US Dist LEXIS 2683, *7-8 [SD NY, Feb 25, 2003, No. M8-85 (HB)]; *Prudential Ins. Co. of Am. v Coca-Cola Enters., Inc.*, 1993 WL 276065, *1, 1993 US Dist LEXIS 9993,*2-3 [SD NY, July 21, 1993, No. 93 Civ 1456 (KMW)]). Rather, the reasonableness of the attorney's fees can be determined by, inter alia, an examination of the invoices of the School District's attorneys for the work performed in the underlying action, all documents filed in the District Court in the underlying action, and all correspondence exchanged among the parties' counsel in the underlying action (*see Microsoft Corp. v Federal Ins. Co.*, 2003 WL 548758, *3, 2003 US Dist LEXIS 2683, *7-8; *Prudential Ins. Co. of Am. v Coca-Cola Enters., Inc.*, 1993 WL 276065, *1, 1993 US Dist LEXIS 9993,*2-3).

In an order entered June 15, 2015, the Supreme Court, upon granting the School District's motion for summary judgment on the cause of action to recover damages for breach of contract, determined that the School District was entitled to an award of damages in the principal sum of $187,500. The court's calculation of damages was incorrect. Initially, for reasons explained above, NYSIR was obligated to defend the School District in the underlying action only through September 30, 2013, not through March 12, 2014, so the School District should be awarded damages for its attorneys' fees and expenses in defending the underlying action only through September 30, 2013, not through March 12, 2014. Additionally, although "[t]he determination of a reasonable attorney's fee is left to the sound discretion of the trial court" (*RMP Capital Corp. v Victory Jet, LLC*, 139 AD3d 836, 839-840 [2016]), the court improvidently exercised its discretion in determining the attorneys' fees and expenses here. The School District sought an award in the principal sum of more than $2,200,000 for attorneys' fees and expenses, but the court determined that it was entitled to an award in the principal sum of only $187,500. The court based its determination on its conclusion that the results obtained by the School District's attorneys were not favorable, and that the time expended and the rates charged were excessive, "considering the lack of novelty of the questions presented and the results achieved." However, we do not agree with the court that the results obtained were not favorable, especially given that the District Court dismissed most of the claims against the defendants in the underlying action, or that novel questions were not presented. Moreover, "[i]n making an award of attorney's fees the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (*NYCTL 1998-1 Trust v Oneg Shabbos, Inc.*, 37 AD3d 789, 791 [2007] [internal quotation marks omitted]). Under the circumstances, including the sharp dispute over, inter alia, whether the time expended and rates charged were reasonable, it is appropriate to remit the matter to the Supreme Court, Nassau County, for a hearing and a new determination of the amount of damages to which the School District is entitled on its cause of action alleging breach of contract (*cf. Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 78 AD3d 1008, 1010 [2010]; *NYCTL 1998-1 Trust v Oneg Shabbos, Inc.*, 37 AD3d at 791).

NYSIR's contentions with respect to the denial of its discovery requests by order entered September 2, 2014, are without merit. The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.

Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of the School District's motion to compel discovery relating to its claim that NYSIR's disclaimer of coverage was in bad faith, and a hearing and a new determination thereafter of the amount of damages to which the School District is entitled on its cause of action to recover damages for breach of contract. Since this is, in part, a declaratory judgment action, the Supreme Court should, thereafter, enter a judgment, inter alia, declaring that NYSIR is obligated to defend the School District in the underlying action through September 30, 2013 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.